Franklin County Prison Board, Appellant *v.* American Federation of State, County and Municipal Employees, AFL-CIO, Council 89, Appellee.

Argued November 17, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

Robert S. Mirin, with him Jay R. Braderman, Baskin and Sears, P.C., for appellant.

Alaine S. Williams, Kirschner, Walters & Willig, for appellee.

OPINION BY JUDGE MACPHAIL, February 1, 1983:

This case involves an appeal by the Franklin County Prison Board (Prison Board) from an order of the Court of Common Pleas of Franklin County dismissing the Prison Board's appeal of an arbitrator's award.

The procedural history of this case is unusually complex and need only be briefly outlined for the purposes of this opinion. George W. Breneman, a prison guard at the Franklin County Prison, was discharged from his position on July 26, 1976. Mr. Breneman was a member of the American Federation of State, County and Municipal Employees, AFL-CIO, Council 89 (AFSCME) at the time of his discharge. The most recent collective bargaining agreement between AFSCME and Franklin County carried an expiration date of December 31, 1974. Following an unsuccessful attempt to appeal his discharge under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, and a ruling by the Pennsylvania Labor Relations Board (PLRB)[1] which AFSCME interpreted as rein-

---

[1] This decision was ultimately affirmed by our Supreme Court in *Franklin County Prison Board v. Pennsylvania Labor Relations Board*, 491 Pa. 50, 417 A.2d 1138 (1980).

stating prior collective bargaining grievance procedures as of March 31, 1976, AFSCME filed a grievance on behalf of Mr. Breneman. The grievance form was filed on June 20, 1977. The Prison Board refused to process this grievance due to its position that the expired contract with AFSCME had not been renewed and that it, therefore, was under no contractual obligation to act on the grievance. AFSCME's subsequent demand for arbitration, made on February 21, 1978, was similarly rejected by the Prison Board. AFSCME next filed an unfair labor practice charge with the PLRB, which ultimately resulted in an order to arbitrate the grievance upon demand by AFSCME. This order was affirmed by the court of common pleas. The opinions of the PLRB and the court of common pleas specifically preserved for the arbitrator's consideration the issue of the timeliness of the grievance filed on behalf of Mr. Breneman.

The arbitrator rendered his award, in which he partially sustained the grievance, on October 6, 1980. The award provided that Mr. Breneman's discharge be converted to a three month suspension and that he be reinstated to his former position with full back pay and benefits effective October 27, 1976. At issue in the present appeal is the arbitrator's additional ruling that the grievance was timely filed. The court of common pleas affirmed the arbitrator's decision on the timeliness issue and the instant appeal was filed.

The first issue presented for our consideration is whether or not a grievance was timely filed by or on behalf of Mr. Breneman. The record discloses two possible dates on which the grievance could have first been initiated: 1) August 5, 1976, the date of a letter by Mr. Breneman to his supervisor requesting a hearing under the Local Agency Law and reinstatement

to his former position with full back pay or 2) June 20, 1977, the date on which a written grievance was filed by AFSCME on behalf of Mr. Breneman. The Prison Board contends that the letter of August 5, 1976 was only effective to request a hearing under the Local Agency Law and does not also constitute a grievance. The Prison Board further argues that the June 20, 1977 filing did constitute a grievance, but was filed too late to be acted on. We note that the collective bargaining agreement provides no specific time limitation for the filing of a grievance.

The Prison Board's second argument is that even if the grievance was timely filed, AFSCME's demand for arbitration, made on February 21, 1978, was clearly untimely under the following contract provision:

XX.E. *Fourth Step—Arbitration*

If the employee is not satisfied with the disposition of his grievance at the third step, he may appeal to arbitration within five (5) work days after receiving a decision at the third step or in not less than twenty (20) work days nor more than twenty-five (25) work days after the grievance was presented at the third step.

The Prison Board contends that AFSCME was required to strictly follow the grievance procedures in order to be consistent with its position that a collective bargaining agreement was in effect at the time of Mr. Breneman's dismissal.

In ruling on the timeliness issue, the arbitrator reasoned that where the initial filing of a grievance is timely but subsequent processing is delayed due to a mutual understanding between the parties, the time limitations provided by the collective bargaining agreement may be tolled or waived. The arbitrator concluded that a grievance in the instant case was

timely filed on August 5, 1976 when Mr. Breneman notified his employer by letter that:

> My discharge is improper and unlawful. I am requesting that I be immediately reinstated to my former position with full back pay for all lost wages.

The arbitrator concluded that this language was sufficient to constitute a grievance and that the subsequent delays in processing the grievance were based on an understanding that "the continued enforceability of the grievance-arbitration provisions in general was to be settled before contract action on any specific grievance could proceed." The arbitrator found that the Prison Board had induced delay in the grievance process for nearly two years and, accordingly, could not prevail with its argument that the procedure was untimely. The Prison Board argues that the arbitrator's conclusion was in error.

Our review of an arbitrator's decision is highly circumscribed and requires that we affirm the decision of the arbitrator if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). Moreover, the law is clear that where the subject matter of a dispute is arbitrable and the collective bargaining agreement does not prohibit the arbitrator from deciding procedural issues, all procedural matters derived from the grievance must be left to the arbitrator for final determination. *School District of the City of Duquesne v. Duquesne Education Association,* 475 Pa. 279, 380 A.2d 353 (1977); *American Federation of State, County and Municipal Employees v. City of Butler,* 66 Pa. Commonwealth Ct. 205, 443 A.2d 1357 (1982). Since the Prison Board has not disputed in this appeal that the subject matter of the grievance was arbitrable and there is no

limitation in the agreement which would prohibit the arbitrator from deciding procedural issues, we must conclude that the final determination of the timeliness issue should be left to the arbitrator. "Our inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Leechburg* at 521, 424 A.2d at 1313. We, accordingly, must affirm the order of the court of common pleas.

Finally, AFSCME has renewed its request for delay damages pursuant to Pa. R.A.P. 2744 which provides as follows:

> If an appellate court shall determine that an appeal is frivolous, it may award as further costs an attorney fee of $25 and damages at the rate of 6% per annum in addition to legal interest.

Although we note that counsel should be fully aware of our limited scope of review of arbitrators' decisions, in light of the confused procedural history of this case we do not find the Prison Board's appeal to be frivolous.

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Franklin County, dated July 16, 1981, is hereby affirmed.