Upper Bucks County Area Vocational-Technical
School Joint Committee, et al., Appellants *v.*
Upper Bucks County Vocational-Technical School
Education Association, et al., Appellees.

Argued April 10, 1985, before President Judge
CRUMLISH, JR., and Judges ROGERS, MACPHAIL, DOYLE,
BARRY, COLINS and PALLADINO.

464

*John J. Hart, Power, Bowen & Valimont,* for appellants.

*Lynne L. Wilson,* with her, *Catherine C. O'Toole,* for appellees.

OPINION BY JUDGE PALLADINO, September 4, 1985:

Before us is the appeal of the Upper Bucks County Area Vocational-Technical School Joint Committee (Vo-Tech) from a decision of the Court of Common Pleas of Bucks County (court of common pleas) which affirmed an arbitrator's award in favor of the Upper Bucks County Vocational-Technical Education Association (Association).

The facts in this case are undisputed. The original school calendar of the Vo-Tech for the 1980-81 school year called for school to begin on September 2, 1980 and end on June 9, 1981, providing 188 days of pupil instruction. In September, 1980, the Association engaged in a strike which closed the Vo-Tech for sixteen instruction days. Thereafter, the Vo-Tech and the Association engaged in collective bargaining which resulted in the execution of an agreement on October 16, 1980. The agreement covered the period from July 1, 1980 through June 30, 1983 and included the fol-

lowing wage and salary provision: "During the 1980-81 school year originally scheduled for 188 days, salaries shall be reduced by 1/188 for each day not worked as a result of the strike and not made up at the discretion of the Joint Operating Committee."

In October, 1980, the Vo-Tech approved a calendar for the 1980-81 school year identical to that which had been adopted prior to the school year, thereby failing to make up the days lost because of the strike. Thus, the 1980-81 school year was to consist of 172 instruction days.

The Association and individual teachers then commenced an action in the court of common pleas seeking a declaratory judgment that the Vo-Tech is required to operate its school for 180 days in accordance with Section 1501 of the Public School Code of 1949 (Public School Code).[1] On May 22, 1981, the court of common pleas dismissed the action[2] based upon a finding that the Plaintiffs had no standing in the matter.[3]

---

[1] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §15-1501. This section provides that a school year must consist of at least 180 days of instruction.

[2] Upper Bucks County Vocational-Technical School Education Association, et al. v. Upper Bucks County Area Vocational-Technical School Joint Committee, 36 Bucks Co. L. Rep. 262 (1981).

[3] On appeal, the Commonwealth Court reversed the common pleas court concluding that the individual plaintiffs had standing as taxpayers to enforce the 180-day mandate. See Upper Bucks County Vocational-Technical Education Association, et al. v. Upper Bucks County Area Vocational-Technical School Joint Committee, et al., 69 Pa. Commonwealth Ct. 85, 450 A.2d 295 (1982). The Supreme Court reversed this decision however, holding that neither the individual teachers as taxpayers nor the Association had standing to enforce the 180-day mandate. See Upper Bucks County Vocational-Technical School Education Association, et al. v. Upper Bucks County Vocational-Technical School Joint Committee, 504 Pa. 418, 474 A.2d 1120 (1984).

Thereafter, on June 9, 1981, the Association filed a grievance on behalf of its members alleging that the Vo-Tech had violated the agreement by scheduling 172 and not 180 days of pupil instruction. In its grievance the Association sought sixteen days of pay to consist of eight days lost because of the Vo-Tech's failure to provide 180 days of instruction as required by Section 1501 of the Public School Code, and an additional eight days lost for the Vo-Tech's failure to reschedule the other eight days called for in the 188-day calendar adopted at the beginning of the school year. Before the Arbitrator, the Vo-Tech both challenged the merits of the Association's grievance and its timeliness under the agreement.

With respect to the timeliness issue, Article 36 of the parties' agreement provides that grievances shall be filed ten (10) days after its alleged occurrence. That same Article further provides, however, that if the Association exercises any right of appeal to a court or administrative agency concerning a subject appropriate for a grievance under the agreement *and* the court or agency defers to the grievance procedure, the grievance may subsequently be processed. Although the Association filed its grievance more than ten days after it first became aware of the Vo-Tech's decision not to make up the days lost because of the strike, the Arbitrator found that the court of common pleas, in dismissing the Association's declaratory judgment action, deferred to the grievance procedure contained in the parties' agreement.[4] Thus, the Arbitrator concluded that the grievance was timely filed.

---

[4] The Arbitrator based his finding that the court of common pleas had deferred to the grievance procedure in the parties' agreement on the following language: "The teachers have other remedies to enforce whatever rights they have against the School Boards for the days lost."

Regarding the merits of the grievance, the Arbitrator awarded Vo-Tech teachers eight days pay as he concluded that the teachers were entitled to pay for the number of additional work days which would have been required to meet the 180-day requirement in Section 1501 of the Public School Code. The Arbitrator relied on Article 2 of the parties' agreement which provides that the agreement is to be "interpreted and construed in a manner neither in violation of nor in conflict with any provision of any statute . . .". The Arbitrator reasoned that while the Vo-Tech acted within its discretion in not making up eight of the sixteen days lost because of the strike, it could not in light of Article 2 of the agreement, refuse to make up the other eight days so as to meet the 180-day requirement of Section 1501.

Before this Court the Vo-Tech contends: (1) that the Association's grievance was not timely filed in accordance with the parties' agreement; (2) that the Arbitrator's award violates Section 1006 of the Public Employee Relations Act (PERA)[5] which prohibits the payment of salaries to public employees for any period engaged in a strike; and (3) that the 180-day rule in Section 1501 of the Public School Code does not guarantee teachers 180 days of salary.

With respect to the issue of the timeliness of the Association's grievance, the law is well settled that where the subject matter of a dispute is arbitrable and the collective bargaining agreement does not prohibit the arbitrator from deciding procedural issues, all procedural matters derived from the grievance must be left to the arbitrator for final determination. *School District of the City of Duquesne v. Duquesne Education Association,* 475 Pa. 279, 380 A.2d 353

---

[5] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1006.

(1977); *Franklin County Prison Board v. American Federation of State, County and Municipal Employees,* 71 Pa. Commonwealth Ct. 486, 455 A.2d 270 (1983); *American Federation of State, County and Municipal Employees v. City of Butler,* 66 Pa. Commonwealth Ct. 205, 443 A.2d 1357 (1982). Inasmuch as the Vo-Tech has not alleged in this appeal that the subject matter of the grievance was not arbitrable and there is no limitation in the agreement which would prohibit the arbitrator from deciding procedural issues, we will not upset the Arbitrator's resolution of this issue.

Before turning to the Arbitrator's decision, we note that our review of an arbitrator's decision is highly circumscribed and requires that we affirm the award if it draws its essence from the collective bargaining agreement. *Northwest Tri-County Intermediate Unit No. 5 Education Association v. Northwest Tri-County Intermediate Unit No. 5,* 61 Pa. Commonwealth Ct. 191, 432 A.2d 1152 (1981). The "essence" test, which defines our scope of review of an arbitrator's award, has been articulated by our Supreme Court:

> To state the matter more precisely, where a task of an arbitrator, . . . has been to determine the intention of the contracting parties as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. . . .'

*Leechburg Area School District v. Dale,* 492 Pa. 515, 520, 424 A.2d 1309, 1312 (1981) (quoting *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 593-94, 375 A.2d 1267, 1275 (1977) (quoting *Ludwig Honold Manufacturing Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969))).

However, if an arbirtator's award, against the Commonwealth or its political subdivisions, conflicts with a fundamental policy of this Commonwealth expressed in statutory law, the judiciary has express statutory authority to review and correct or modify that award in the same manner as jury verdicts on a motion for judgment n.o.v. Section 7302(d)(2) of the Judicial Code, 42 Pa. C. S. §7302(d)(2); *Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982).[6]

Turning now to the Arbitrator's decision, the wage and salary provision in the parties' agreement provides that during the 1980-81 school year, originally scheduled for 188 days, salaries shall be reduced by 1/188th for each day not worked as a result of the strike and not rescheduled at the discretion of the Vo-Tech. The Arbitrator awarded the Vo-Tech's teachers an additional eight days' pay based on his conclusion that the Vo-Tech did not have the discretion not to make up eight of the days lost because of the strike. The Arbitrator interpreted Article II of the parties' agreement, which provided that the

---

[6] Moreover, the parties and the arbitrator are bound by Section 703 of PERA, 43 P.S. §1101.703, which provides in pertinent part as follows:

The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes. . . .

agreement shall not be interpreted so as to conflict with any statute, as limiting the Vo-Tech's discretion by requiring that it comply with the mandatory 180-day requirement of Section 1501 of the Public School Code. *See Scanlon v. Mount Union Area Board of School Directors,* 51 Pa. Commonwealth Ct. 83, 415 A.2d 96 (1980), *aff'd,* 499 Pa. 215, 452 A.2d 1016 (1982) (180-day requirement held to be mandatory). The arbitrator therefore interpreted the statutory saving clause as incorporating Section 1501 into the parties' agreement thereby limiting its discretion regarding the number of strike days to be rescheduled.

Such an interpretation, as well as the award based thereon, can certainly be derived from the parties' agreement. Thus, we conclude that the award draws its essence from the parties' agreement.[7]

Finally, the Vo-Tech argues that this Court should vacate the Arbitrator's award because it violates Section 1006 of PERA. This Section provides: "No public employee shall be entitled to pay or compensation from the public employer for the period engaged in any strike." However, we have held that where an arbitrator's award of full annual salaries is based on an agreement which became effective at the end of the strike and contemplated the future performance of duties, such an award cannot be said to

---

[7] *Compare Upper Merion Area School District v. Upper Merion Education Association,* 85 Pa. Commonwealth Ct. 115, 482 A.2d 274 (1984) wherein a panel of this Court held that the *Mount Union* ruling the 180-day requirement is mandatory did not invalidate the 174-work day provision in the parties' collective bargaining agreement. Here, of course, the parties did not negotiate into their agreement a provision calling for specific number work days for the 1980-81 school year. Rather, the parties agreed to leave the length of the school year to the discretion of the Vo-Tech. The Arbitrator found that by agreeing not to violate any other statute, the parties intended to incorporate the 180-day requirement into their agreement thereby limiting the Vo-Tech's discretion.

be in violation of Section 1006 of PERA. *See Carmichaels Area School District v. Carmichaels Area Education Association,* 37 Pa. Commonwealth Ct. 141, 389 A.2d 1203 (1978), *aff'd per curiam* 487 Pa. 15, 407 A.2d 382 (1979); *Hazleton Area School District v. Hazleton Area Education Association,* 47 Pa. Commonwealth Ct. 255, 408 A.2d 544 (1979). Here, as in *Carmichaels,* neither the Association's grievance nor the Arbitrator's award was concerned with pay for the period during which the Association was on strike, a period antedating the parties' agreement. Rather, the grievance and the award herein are concerned with the Vo-Tech's failure to provide for 180 days of pupil instruction as required by the agreement and the effect of this failure on the teachers' salaries. Thus, we do not find the Arbitrator's award to be illegal.

We will, therefore, affirm the order of the court of common pleas which upheld the award of the Arbitrator.

ORDER

AND Now, this September 4, 1985 the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.