522 A.2d 132

City of Erie, Appellant *v.* International Association of Firefighters, Local 293, Appellee.

Argued November 20, 1986, before Judges BARRY and PALLADINO (P), and Senior Judge BARBIERI, sitting as a panel of three.

*Barry T. Drew,* Deputy City Solicitor, for appellant.

*Richard Kirschner,* with him, *Jonathan Walters, Kirschner, Walters & Willig,* for appellee.

OPINION BY JUDGE PALLADINO, March 9, 1987:

The City of Erie appeals the order of the Erie County Court of Common Pleas granting the motion of Local 293 of the International Association of Fire Fighters (Union) for summary judgment and directing the City of Erie to proceed to arbitration on a grievance submitted by the Union.

There is no factual dispute. The Union and the City of Erie entered into a Collective Bargaining Agreement

covering the period from January 1, 1981 through December 31, 1982. The Agreement contains a clause setting forth the annual salaries of firefighters. It also contains a clause providing for binding arbitration.[1] The Union submitted a grievance to the City of Erie, challenging the manner in which the firefighters of Erie were paid for the year 1982.[2] The Union notified the

---

[1] Article XII of the Collective Bargaining Agreement contains the following language:

Should any firefighter feel that his rights and privileges under this agreement have been violated he may first submit the problem to the Union Grievance Committee or to the Wage Committee in accordance with the rules and regulations of the Union. If it is determined by the Union that a grievance does exist it shall be processed in the manner described below:

(a) First, between the aggrieved firefighter and the Union representative and the firefighter's immediate supervisor. If no satisfactory agreement is reached, then,

(b) Between the Grievance Committee or Wage Committee and/or the Union representative and the Bureau Chief or Deputy Chief. If no satisfactory agreement is reached, then

(c) Between the Grievance Committee or Wage Committee and/or Union representative and the Director. If no satisfactory agreement is reached, then,

(d) Between the Grievance Committee or Wage Committee and/or Union representative and the Mayor.

(e) If not settled as a result of the above procedures the issue involved shall be submitted to a Board of Arbitration.
. . .

[2] In years prior to 1982, the City paid its firefighters 1/26 of their annual salary biweekly on each of the 26 Friday paydays that occur in a typical year. 1982 was an atypical year since January 1, 1982 and December 21, 1982 both fell on a Friday; thus in 1982 there were 27 biweekly Friday paydays. The City paid its firefighters 1/27 of their annual salary on each payday in 1982. The firefighters assert that the paycheck received on January 1, 1982 was for work during the last two weeks in 1981 and, that, therefore, their salary was reduced in 1982.

City of the identity of their arbitrator in accordance with the terms of the Agreement. The City of Erie refused to arbitrate the grievance. The Union filed a demand for arbitration with the American Arbitration Association but the City of Erie refused to name an arbitrator or participate in the arbitration process.

The Union filed a complaint in equity with the common pleas court alleging that the City's refusal to arbitrate the salary dispute was illegal, improper, and a violation of the City's contractual obligation, since the dispute arose out of the interpretation and construction of the Collective Bargaining Agreement. Both the Union and the City filed motions for summary judgment. The common pleas court granted the Union's motion and ordered the City to appoint an arbitrator to the Arbitration Board, participate in the selection process of a neutral arbitrator and to pay the Union's attorney fees and costs. This appeal followed.

To uphold summary judgment, there must be not only absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *1412 Spruce, Inc. v. Pennsylvania Liquor Control Board,* 70 Pa. Commonwealth Ct. 501, 453 A.2d 382 (1982), *aff'd,* 504 Pa. 394, 474 A.2d 280 (1984).

The City argues before this Court that it instituted the altered payment schedule in January 1982, that the Union did not file a grievance until November 29, 1982 and that, therefore, the grievance was untimely filed. At the least, the City argues, the Union's failure to file a grievance soon after the City instituted the new payment schedule should constitute a waiver of any rights under the arbitration clause. The City also argues that, although the Collective Bargaining Agreement contains a provision covering the annual salaries of firefighters, it does not include a provision covering the method of payment and that, therefore, the grievance is an illegal

attempt to alter the provisions of the Collective Bargaining Agreement and is not a subject for arbitration. Both arguments are without merit.

Although Article XII, section (e), of the parties' Collective Bargaining Agreement establishes a definitive time frame within which a Board of Arbitration should be selected by the parties, there is no mandate in Article XII as to when a grievance must be filed. Moreover, the U.S. Supreme Court, in *John Wiley & Sons v. Livingston*, 376 U.S. 543 (1964), held that issues of "procedural arbitrability," *i.e.* whether the party demanding arbitration has complied with all of the precedent conditions set forth in the agreement, are to be resolved by the arbitration. This Court has recognized this principle as well. In *Upper Bucks County Area Vocational Technical School v. Upper Bucks County Vocational Technical School Educational Association,* 91 Pa. Commonwealth Ct. 463, 497 A.2d 943 (1985), in which the School had objected to the timeliness of the Association's grievance, the Court stated:

> [T]he law is well settled that where the subject matter of a dispute is arbitrable and the collective bargaining agreement does not prohibit the arbitrator from deciding procedural issues, all procedural matters . . . must be left to the arbitrator for final determination. School District of the City of Duquesne v. Duquesne Education Association, 475 Pa. 279, 380 A.2d 353 (1977); Franklin County Prison Board v. American Federation of State, County and Municipal Employees, 71 Pa. Commonwealth Ct. 486, 455 A.2d 270 (1983); American Federation of State, County and Municipal Employees v. City of Butler, 66 Pa. Commonwealth Ct. 205, 443 A.2d 1357 (1982).

91 Pa. Commonwealth Ct. at 467-68, 497 A.2d at 945.

The grievance submitted by the Union is arbitrable. In reaching that conclusion we inquire: (1) whether the parties have agreed to arbitrate disputes and (2) whether the dispute falls within the parameters of the arbitration clause. *Lincoln System of Education v. Lincoln Association of University Professors*, 467 Pa. 112, 119, 354 A.2d 576, 580 (1976). The parties' arbitration clause is indeed broad: arbitration is available for alleged violations of rights and privileges under the Agreement. Payment of salary is certainly a right and privilege under the Agreement. The method of payment of that salary is not delineated by the Agreement. A collective bargaining agreement may encompass more than what has been reduced to writing, however. *See Wyoming Valley West Education Association v. Wyoming Valley West School District,* 92 Pa. Commonwealth Ct. 365, 500 A.2d 907 (1985). Past practice is a permissible means by which to determine relative rights under a collective bargaining agreement. *See Chirico v. Board of Supervisors for Newton Township,* 504 Pa. 71, 470 A.2d 470 (1983) (dispute over vacation entitlement submitted to arbitration although evidence of past practice essential to ultimate determination). In that case, our Supreme Court voiced its preference for arbitration over an adversarial resolution system especially where the dispute involves Act 111[3] employees:

> Grievance disputes are properly handled within the framework of Section 1 of Act 111, which provides that '[Employees] shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.' Act 111 does not set forth the specific mechanism by which grievance . . . disputes are to be arbitrated . . . This obvious vacuum must

---

[3] Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10.

not be countenanced. Yet resort to the courts to meet this need would contravene the strong affirmance of the use of non-adversarial methods for the resolution of disputes between governmental employers and police and firemen. . . . 504 Pa. at 78-79, 470 A.2d at 474-75.

Accordingly, we find that the instant dispute falls within the parties' bargained-for arbitration clause. The common pleas court order compelling arbitration will be affirmed.

The Union has requested that this Court direct the City of Erie to pay the Union's attorney fees and costs incurred in litigating a frivolous appeal. Pa. R.A.P. 2741(2) provides that if an order is affirmed, costs shall be taxed against the appellant. Pa. R.A.P. 2744[4] permits an appellate court to award as further costs attorney fees if the court determines that an appeal is frivolous or taken solely for delay. *See Gossman v. Lower Chanceford Township Board of Supervisors*, 503 Pa. 392, 469 A.2d 996 (1983).

However, "[a]n appellate court has no jurisdiction to award counsel fees generally. Its jurisdiction in such matters is carefully circumscribed by Pa. R.A.P. 2744,

---

[4] (Footnote omitted.) Pa. R.A.P. 2744 provides in pertinent part:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

which serves the salutory purpose of insuring the *right of appeal* granted by Article V, Section 9 of our Pennsylvania Constitution." *Id.* at 396, 469 A.2d at 998, citing *City of Philadelphia v. Gould,* 497, Pa. 559, 442 A.2d 1104 (1982). (emphasis added and footnote omitted).

Apparently there is no precise definition by Pennsylvania Courts of the term "frivolous appeal". When we look to other jurisdictions we note a "frivolous appeal" to be defined as follows:

> One in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed.

Black's Law Dictionary 601 (5th ed. 1979) (citation omitted). In the case at bar, the appeal was not "wholly frivolous". Appellant argued to this Court that the method of payment of firefighters' salaries should not be subject to arbitration and that the grievance was not timely filed. These questions address the jurisdiction of the arbitrator. Certainly this is a justiciable issue.

To say that the appeal is frivolous merely because we decide that the position taken by Appellant is incorrect would suggest that in every case where a litigant loses, the appeal was frivolous, a conclusion this Court does not countenance.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of March, 1987, the order of the Erie County Court of Common Pleas in the above-captioned matter is hereby affirmed.

---

CONCURRING AND DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

While I agree with the majority's conclusion that affirms the common pleas court's grant of summary

judgment in favor of the Union, I cannot agree with the majority's decision to deny the Union's request for attorney's fees under Pa. R.A.P. 2744 and therefore must, most respectfully, dissent.

We have on several recent occasions expressed our strong displeasure with litigants who insist upon clogging the courts and abusing the appeals process with frivolous appeals. *See Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 103 Pa. Commonwealth Ct. 290, 520 A.2d 525 (1987); *Appeal of Richard Michael George*, 101 Pa. Commonwealth Ct. 241, 515 A.2d 1047 (1986). Pa. R.A.P. 2744 permits an appellate court to impose an award of reasonable attorney's fees against a litigant where the appellate court has determined that the litigant's appeal is wholly frivolous or taken solely for delay. *See Gossman v. Lower Chanceford Township Board of Supervisors*, 503 Pa. 392, 469 A.2d 996 (1983). We have previously defined a "wholly frivolous" appeal as one that is completely devoid of points that might arguably support an appeal. *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985). I respectfully submit that the City's appeal from the common pleas court's grant of summary judgment falls within the *Craig* definition of a wholly frivolous appeal.

In this case, the Union attempted to arbitrate a dispute it had with the City over the method of payment of firefighters' salaries which the Union argues shortchanged the firefighters. The agreement between the City and the Union called for arbitration of wage matters. The City refused to arbitrate the dispute contending the *method of payment* of wages was outside of the arbitratable issues under the agreement. I respectfully submit that such an overtechnical interpretation of the agreement is patently frivolous and the common

pleas court so found when it granted the Union an award of attorney's fees under Section 2503 of the Judicial Code, 42 Pa. C. S. §2503. The City has not appealed that attorney's fee award which leads to a seemingly incongruous result where this Court affirms the common pleas court's determination that the City's action was wholly frivolous but denies the Union's request for attorney's fees finding the City's appeal of that action was not wholly frivolous. I view the City's failure to contest the trial court's assessment of counsel fees as an admission of the frivolity of its contentions. I would not reward such legal pettifogging and would grant the Union's request for an award of reasonable attorney's fees under Pa. R.A.P. 2744 as the City's appeal, in my view, is wholly frivolous and taken solely for the purpose of delay.