538 A.2d 636

Mercy Catholic Medical Center, Petitioner *v.* Workmen's Compensation Appeal Board (Fry), Respondents.

Submitted on briefs December 18, 1987, to Judges DOYLE, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Samuel H. Pond,* for petitioner.

*James C. O'Connor, Barnard and Gannon,* for respondent.

OPINION BY JUDGE PALLADINO, March 2, 1988:

Mercy Catholic Medical Center (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Anita Louise Fry (Claimant). We affirm.

Claimant was employed by Petitioner as a physical therapist assistant. On November 1, 1979, Claimant fell and suffered a back injury during the course of her employment. Petitioner paid workmen's compensation benefits to Claimant until October 15, 1981.[1] In October of 1981, Claimant moved to Florida where she obtained employment as a secretary. In February of 1983, Claimant was hospitalized because of neck and head pain. On May 11, 1983, Claimant filed a petition to reinstate benefits and alleged that as of February 21, 1983, she became totally disabled again as a result of the injury suffered during her employment with Petitioner.

Petitioner contested the petition to reinstate benefits. After hearings and depositions, the referee entered an order reinstating benefits as of February 23, 1983. In addition, the referee found that Petitioner did not establish facts sufficient to prove a reasonable basis for contest and awarded counsel fees to Claimant. On October 21, 1986, after reviewing the decision of the referee, the Board affirmed.

On appeal, Petitioner presents only one issue for our review. Petitioner argues that the referee erred in awarding counsel fees to Claimant and asserts that there *was* a reasonable basis for contesting the reinstatement of benefits. Petitioner contends that it presented medical evidence to establish that Claimant was not totally disabled, but could perform some work.[2] Claimant now requests reasonable counsel fees and delay damages at the rate of six (6%) percent per annum in addition to

---

[1] Petitioner ceased to pay benefits on October 15, 1981 pursuant to a stipulation entered into by the parties.

[2] We note that Petitioner does *not* contend that Claimant suffers no disability whatsoever nor that Claimant's current disability is unrelated to the injury suffered while she was employed by Petitioner.

the counsel fees awarded as a result of the proceedings before the referee and Board.[3]

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987). Where the Board takes no additional evidence, the ultimate fact-finder is the referee, whose factual determinations, when supported by substantial evidence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Section 440 of The Pennsylvania Workmen's Compensation Act[4] (Act) provides that attorney's fees shall be awarded to a claimant, where a case is resolved in the claimant's favor, *unless* a reasonable basis for the contest is established by the employer. We note that whether a contest was reasonable is a conclusion of law subject to review by this court. *Penczkowski v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp.)*, 97 Pa. Commonwealth Ct. 419, 509 A.2d 964 (1986). Further, in determining the reasonableness of an employer's contest, we must inquire whether it was brought to resolve a genuinely disputed issue or merely for the purposes of harassment. *Id.* A referee's conclusion that a contest was not reasonable must be based upon facts as found by the referee and supported

---

[3] Pa. R.A.P. 2744 provides that an appellate court may award reasonable counsel fees plus damages for delay at the rate of six (6%) percent if the court determines that the appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996.

by record evidence. *Webster v. Workmen's Compensation Appeal Board (234, Inc.)*, 92 Pa. Commonwealth Ct. 412, 499 A.2d 1117 (1985), *allocatur denied*, 514 Pa. 633, 522 A.2d 561 (1986).

In this case, Petitioner presented the report of a physician who examined Claimant after the filing of the reinstatement petition. Petitioner's medical expert stated that Claimant was not totally disabled and indicated that Claimant could perform some work.[5] However, the witness was not able to give an opinion as to the amount of time Claimant would be able to perform the limited work. Petitioner also presented the deposition testimony of a vocational therapist who stated that several jobs were available within Claimant's physical limitations.[6] The vocational therapist testified that all of the positions available required a forty (40) hour week as well as driving.[7]

Claimant presented the deposition testimony of her two treating physicians. One of the physicians testified that Claimant could perform part-time work, but was unable to give an opinion as to the number of hours per week which Claimant would be able to work.[8] Claimant's other treating physician testified that Claimant was totally disabled and could not work at all.[9] Claimant also testified on her own behalf. Claimant indicated that she does not feel capable of performing any work because of the pain she experiences and stated that she has difficulty in driving.[10]

The referee concluded that Petitioner had *not* established a reasonable basis for contesting the rein-

---

[5] Report of Dr. Charles G. Dalbey at 4.

[6] Deposition of Debra Ann Keyser at 11-12.

[7] Deposition of Debra Ann Keyser at 24, 26-27.

[8] Deposition of Dr. Ronald L. Wilk at 12-14.

[9] Deposition of Dr. Joseph Z. Forstot at 10, 17-19.

[10] Testimony of Claimant at 19, 31, 34.

statement of benefits. The referee determined that no medical testimony or evidence was presented by Petitioner to show that Claimant was capable of performing any work for a forty (40) hour week. The referee also concluded that the testimony of the vocational expert was not competent because the testimony was based upon an assumption that Claimant was able to work forty (40) hours per week although this assumption was not supported by any medical evidence.

Petitioner argues that because conflicting testimony was presented concerning the extent of Claimant's disability and work availability, there was a reasonable basis for contest. This court has held that where medical evidence *is* conflicting or subject to contrary inferences on a material issue (and where there is no evidence that the contest was frivolous or made for the purposes of harassment), the employer's contest is reasonable. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985).

However, based upon our thorough review of the record in this case, we find that Petitioner's evidence as to the extent of Claimant's disability and work availability was not substantial evidence to establish a conflict with the testimony and evidence presented by Claimant. Because there was no conflict in the medical evidence, Petitioner's contest was not reasonable. Therefore, the referee's award of counsel fees under Section 440 of the Act was proper.

Although we hold that Petitioner lacked a reasonable basis for contesting the reinstatement of benefits, we decline to hold that Claimant is entitled to additional counsel fees and delay damages under Pa. R. A. P. 2744. As stated above, Pa. R. A. P. 2744 permits an appellate court to award counsel fees and delay damages when it determines that an appeal was frivolous or taken solely

for delay. We noted in *City of Erie v. International Association of Firefighters, Local 293,* 104 Pa. Commonwealth Ct. 394, 522 A.2d 132 (1987) (citing Black's Law Dictionary, 601 (5th ed. 1979)), that a "frivolous" appeal implies that no justiciable question has been presented and that the appeal is readily recognizable as devoid of merit in that there is little prospect of success.

In this case, Petitioner argued that there was conflicting medical evidence in the record to establish a reasonable basis for contest. Certainly this is a justiciable issue and one not entirely devoid of merit. Merely because we decide that the position taken by Petitioner is incorrect, we are not thereby compelled to conclude that its appeal was frivolous. *Id.*

Accordingly, we affirm the referee's award of counsel fees under Section 440 of the Act and decline to assess additional counsel fees under Pa. R.A.P. 2744.

ORDER

AND NOW, March 2, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Senior Judge KALISH dissents.