586 A.2d 472

**Sahra FARAH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Victor F. WEAVER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 12, 1990.

Decided Jan. 24, 1991.

Richard C. Low, Herr & Low, P.C., Lancaster, for petitioner.

Joseph R. Thompson, with him, James A. Bosakowski and Ellyn P. Schwartz, Thompson and Pennell, Philadelphia, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Sahra Farah (claimant) petitions for review of a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to dismiss claimant's petition for additional workmen's compensation benefits pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act).[1]

The parties agree that the ends of claimant's right second and third fingers were amputated by the blade of a cutting machine on February 26, 1988 during the course of claimant's employment for Victor F. Weaver, chicken processors (Weaver). Pursuant to a supplemental agreement, Weaver paid claimant workmen's compensation benefits for the loss of half of each of her right second and third fingers.

On April 6, 1988, claimant filed a petition alleging that her loss equalled the loss of the entire right second and third fingers. Thereafter, on September 29, 1988, a hearing was held on that petition. Claimant testified and introduced an x-ray of her fingers after the amputation. Weaver introduced the medical report and amputation chart of John

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(15), which states: "The loss of any substantial part of the first phalange of a finger, or an amputation immediately below the first phalange for the purpose of providing an optimum surgical result, shall be considered loss of one-half of the finger. Any greater loss shall be considered the loss of the entire finger."

C. Schantz, M.D., claimant's attending physician. Additionally, the referee examined claimant's right hand. The referee dismissed claimant's petition for additional workmen's compensation benefits on October 19, 1988.

Claimant timely appealed the referee's decision to the Board alleging that the referee's Findings of Fact Nos. 1, 3, and 4 were not supported by substantial evidence [2] and also that the referee's Conclusion of Law No. 3 was in error.[3] The Board's decision of February 27, 1990 affirmed the referee because Findings of Fact Nos. 1, 3, and 4 are supported by substantial evidence and Conclusion of Law No. 3 "properly [employed] the applicable principle of law." With regard to Conclusion of Law No. 3, the Board stated: "The Claimant would have the Board find a specific loss of the total finger if there is a loss of less than the entire first phalange of any finger because it is a substantial part of the first phalange. This reliance by the Claimant is totally unfounded."

Claimant timely petitioned this Court for review of the Board's decision. The issue before this Court is whether the Board committed an error of law by holding that claimant is not entitled to compensation for the loss of the entire right second and third fingers pursuant to Section 306(c) of the Act.

"Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law

2. Those findings are as follows:
1. The Claimant was employed by the Defendant and amputated the tips of her right second and third fingers on February 26, 1988 while in the employ of the Defendant.
3. Defendant's doctor, J.C. Schantz, M.D. reports that Claimant lost only the tips of her second and third fingers.
4. This Referee physically examined Claimant's both fingers and they were amputated above the first joint, and the Claimant is entitled to ½ the loss of use of both fingers as described correctly in the Supplemental Agreement.

3. Conclusion of Law No. 3 states:
By the weight and character of the evidence presented, the Claimant has not lost more than 50% of her right second and third fingers within the meaning and provisions of the [sic] Pennsylvania Workmen's Compensation Act, as amended.

was committed, or whether necessary findings of fact are supported by substantial evidence.... Where the Board takes no additional evidence, the ultimate fact-finder is the referee, whose factual determinations, when supported by substantial evidence, must be accepted." *Mercy Catholic Medical Center v. Workmen's Compensation Appeal Board (Fry)*, 114 Pa.Commonwealth Ct. 218, 221, 538 A.2d 636, 637 (1988) (citation omitted).

 There is no dispute that the tips of the second and third fingers of claimant's right hand were amputated above the first phalange. The referee examined her hand and estimated that "three-quarters of the distal phalanx [of the second finger] has been amputated [and that] seventy-five, eighty percent, or even eighty-five percent of the distal phalanx [of the third finger] has been amputated." Claimant argues that these amputations are sufficient for her to be compensated for the loss of the entire second and third fingers, because Section 306(c) of the Act provides that a loss greater than the loss of a substantial part of the first phalange is to be considered a loss of the entire finger. Claimant argues further that the present wording of Section 306(c), which was amended in 1956, dropped the requirement that "[t]he loss of more than one phalange of a thumb, or finger, shall be considered equivalent to the loss of the entire thumb or finger." [4]

Claimant argues that Section 306(c) of the Act was altered in 1956, after the decision of the Superior Court of Pennsylvania in *Nolan v. Hake*, [5] wherein that court interpreted the 1939 language of Section 306(c) and determined

**4.** Prior to the 1956 amendment, the pertinent part of Section 306(c) read as follows:

"The loss of the first phalange of the thumb, or of any finger, shall be considered equivalent to the loss of one-half of such thumb, or finger, and shall be compensated at the same rate as for the loss of a thumb, or finger, but for one-half of the period provided for the loss of a thumb, or finger.

"The loss of more than one phalange of a thumb, or finger, shall be considered equivalent to the loss of the entire thumb or finger." Act of June 21, 1939, P.L. 520.

**5.** 178 Pa.Superior Ct. 593, 115 A.2d 780 (1955).

that a claimant who lost 90% of the first phalange of one index finger and 70% of the first phalange of the other index finger had lost the first phalange of each of those fingers and was entitled to workmen's compensation benefits. At that time, Section 306(c) required the loss of the first phalange of a finger in order to qualify for benefits. The court, interpreting Section 306(c), stated:

> To require that the entire phalange be removed before it is compensable would be unduly strict and not in keeping with this liberal policy of the Act.... The legislative intent clearly was not to compensate merely for the exact physical extent of the loss, but rather to provide to the working man remedial compensation consistent with what common experience shows the true loss to be.... We think a loss of substantially all, or more than half, of the phalange is equivalent to the loss of the whole.

*Id.*, 178 Pa.Superior Ct. at 598–99, 115 A.2d at 782. Claimant then argues that the General Assembly, when amending the Act in 1956, could have conformed the Act to the decision in *Nolan v. Hake* but did not do so. Instead, according to claimant's argument, the General Assembly went further. Claimant states, "For the amendments to the Act to be given effect, this Court must decide at what point the loss of part of the first phalange becomes greater than a substantial part."

Claimant misconstrues the plain meaning of the words of the current Section 306(c). Pursuant to the 1939 wording of Section 306(c), the loss of the first phalange of a finger entitled the claimant to workmen's compensation benefits. The 1956 amendment, implementing the current language, permits compensation when *any* substantial part of the first phalange is amputated. As Weaver argues, "In other words, the change in the language, in keeping with the remedial purposes of the act, simply made it easier for a Claimant to recover for loss of one half of the finger even though less than one half of the phalanx was amputated." No longer must a claimant lose substantially all or more than half of a phalange in order to qualify for workmen's compensation benefits. Rather, a claimant can lose any substantial part of a phalange in order to qualify for

benefits. "Webster's New International Dictionary, Second Edition, defines 'substantial' in part: '3. That is of moment; important; essential; material.' ... 'Substantial' is an adjective meaning something worth while [sic] as distinguished from something without value or merely nominal." *Bush v. Keystone Carbon Company*, 211 Pa.Superior Ct. 422, 424, 236 A.2d 231, 232 (1967).

When interpreting a statute, we must presume "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). The words of Section 306(c) of the Act are clear and make sense. They are compatible with the Act's remedial nature. Claimant urges this Court to adopt an interpretation of Section 306(c) which would, in our opinion, render that section absurd.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 24th day of January, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.