592 A.2d 786

**CITY OF PITTSBURGH, Appellant,**

v.

**FRATERNAL ASSOCIATION OF PROFESSIONAL PARAMEDICS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided May 31, 1991.

Marianne S. Malloy, Pittsburgh, for appellant.

Marianne Oliver, Pittsburgh, for appellee.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The City of Pittsburgh (City) appeals from an order of the Court of Common Pleas of Allegheny County which confirmed a grievance arbitration award rendered in favor of the Fraternal Association of Professional Paramedics (Union). We affirm.

The Union was the bargaining agent for the City's emergency medical service personnel. The collective bargaining agreement between the City and the Union expired on December 31, 1985. The City and the Union continued to operate under the terms of the expired collective bargaining agreement while negotiating a new agreement.

The City and the Union were unable to agree upon a new contract and the Union called a strike of its membership on November 29, 1986. Twenty-six employees were on vacation when the Union called the strike. A new collective bargaining agreement between the City and the Union was reached on December 2, 1986. The City did not pay the vacationing employees for the four day period of the strike nor did the City reschedule the vacations when the vacationing employees returned to work.

The Union filed a grievance on behalf of the vacationing employees and an arbitration hearing was held on April 11, 1988. The arbitrator ruled in favor of the Union on May 20, 1988 and directed the City to pay the employees for any vacation entitlements they enjoyed during the strike. On June 20, 1988, the City filed a petition for review of the

arbitrator's award with the court of common pleas. On May 7, 1990, the court of common pleas issued an order confirming the decision of the arbitrator. The City filed this timely appeal.

The City maintains that the law of the Commonwealth mandates that "[n]o public employee shall be entitled to pay or compensation from the public employer for the period engaged in any strike." 43 P.S. § 1101.1006. The City asserts that since the Union had called a strike and the vacationing employees were members of the bargaining unit, they were not entitled to pay or compensation. The City further contends that the arbitrator's award is drawn from his interpretation of 43 P.S. § 1101.1006 and conflicts with the language of the statute thereby granting this Court the authority to review and correct or modify the award. *See Upper Bucks County Area Vocational Technical School Joint Committee v. Upper Bucks County Vocational Technical School Education Association,* 91 Pa.Commonwealth Ct. 463, 497 A.2d 943 (1985).

The Supreme Court of Pennsylvania has held that review of an arbitrator's decision is highly circumscribed, and will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981); *Ringgold Area School District v. Ringgold Education Association (PSEA)/NEA),* 489 Pa. 380, 414 A.2d 118 (1980). The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. *Leechburg* 492 Pa. at 520–521, 424 A.2d at 1312. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court. *Id.,* 492 Pa. at 521, 424 A.2d at 1312–1313.

The court of common pleas concluded that the arbitrator's decision was clearly derived from and therefore drew its essence from the collective bargaining agreement. The arbitrator ruled that all of the vacationing employees

had earned their entitlements to time off with appropriate pay in accordance with Section 9 of the collective bargaining agreement which pertained to vacations. The arbitrator found that the vacationing employees were not engaged in a strike and concluded that they were off work on pre-approved, previously earned vacations for which they met all the contractual conditions precedent to eligibility. The City concedes that the employees had earned their vacations, the vacations had been properly scheduled and if there were no strike, the employees would have been entitled to the vacation pay. Clearly, the subject matter of the dispute, vacation entitlement, is encompassed within the terms of the collective bargaining agreement.

The arbitrator concluded that the City failed to establish that the vacationing employees were on strike and that 43 P.S. § 1101.1006 was not applicable since the record was devoid of any evidence that they engaged in the strike. It is important to note that the employees in question were on vacation at the time the strike was called. The arbitrator acknowledged that this was not a situation where a strike was called and then the employees attempted to exercise their vacation privileges. The arbitrator conceded that a different result might have been reached had the City established that a vacationer actively supported the strike.

Our research has not revealed any cases or statutes which support the proposition that employees who are on vacation when a strike is called are determined to be strikers. The arbitrator's award did not conflict with the language of 43 P.S. § 1101.1006 or relevant case law and the court of common pleas properly concluded that the arbitrator's decision drew its essence from the collective bargaining agreement. Accordingly, the court of common pleas properly confirmed the arbitrator's award.

PELLEGRINI, J., did not participate in the decision in this case.

252

## ORDER

AND NOW, this 31st day of May, 1991, the order of the Court of Common Pleas of Allegheny County, dated May 7, 1990 is hereby affirmed.