606 A.2d 626

**H & H MANUFACTURING COMPANY, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (STEENBERG), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1991.

Decided March 26, 1992.

Brian P. Conway, for petitioner.

Arthur G. Girton, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

H & H Manufacturing Company (employer) appeals here from an order of the Workmen's Compensation Appeal

Board (Board) affirming the referee's grant of compensation and attorney's fees to Kenneth Steenberg (claimant) under The Pennsylvania Workmen's Compensation Act (Act).[1]

The claimant filed a claim petition alleging that he suffered an injury to his back while moving a piece of metal on October 24, 1984, and that the injury was aggravated or recurred on June 25, 1985. The employer filed a timely answer denying all material allegations.

Before the referee, both the claimant and employer presented evidence; however, the only medical evidence before the referee was offered by the claimant. Based upon this evidence, the referee found that the claimant had sustained a work-related back injury on October 24, 1984, which he reported to his supervisor immediately. He continued to work until June 25, 1985, when his condition worsened to the point that it became disabling. At this time, the claimant's treating physician, Dr. Langfitt, performed surgery after which the claimant returned to work on November 4, 1985, with restrictions which included no lifting over 15 pounds, no excessive bending or climbing, and no significant pushing or pulling. The claimant continued to work until November 23, 1985, when he exerted too much pressure while trying to loosen a nut and suffered a recurrence of his disability which lasted through March 24, 1986. The claimant returned to light duty work on March 25, 1986, and worked until April 23, 1987, when he was laid off because no light duty work was available. The referee also found that the employer's contest of this case was frivolous and made to harass the claimant, and therefore, was not reasonable. The Board affirmed the referee and the employer now appeals to this court.

■ Our scope of review in workmen's compensation cases, where both sides have presented evidence, is limited

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

to determining whether constitutional rights were violated, errors of law were committed, or whether findings of fact were not supported by substantial evidence. *Nesman v. Workmen's Compensation Appeal Board (Welded Constr. Co.)*, 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).

■ The first issue raised by the employer concerns the causal relationship of the claimant's work to his disability. The employer argues that the testimony of Dr. Langfitt (claimant's treating physician) was equivocal and, therefore, insufficient to establish the work-related nature of the claimant's disability.

While we believe that the testimony of Dr. Langfitt could have been clearer on several points, we find that it is not necessary for us to address this issue. Our Supreme Court has stated that "[w]here one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established." *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 424, 397 A.2d 415, 416 (1979). Such is the case here. The findings of fact indicate that both incidents occurred while the claimant was engaged in some sort of strenuous activity and that he experienced pain immediately. The claimant's testimony clearly supports these findings. Thus, the claimant has established the work-related nature of his injuries.

■ Secondly, the employer asserts that substantial evidence does not support the referee's finding that the claimant provided notice of his injury to the employer. The employer's brief, however, concedes that contradictory evidence was offered on this issue. It is well-settled that the referee is the final arbiter of questions of credibility and the weight to be accorded evidence. *Cavallo v. Workmen's Compensation Appeal Board (Barnes & Tucker)*, 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990). Here, the referee accepted the claimant's testimony as credible and specifically rejected the testimony of the employer's wit-

nesses as not credible. The claimant stated that he notified his supervisor immediately following his injuries. This testimony was sufficient to support the referee's finding.

■ Finally, the employer argues that the Board erred when it concluded that the employer did not have a reasonable basis to contest the claimant's petition. The employer asserts that genuine issues existed regarding the extent of claimant's disability and whether he provided timely notice to the employer.

■ Under Section 440 of the Act,[2] attorney's fees shall be awarded to a prevailing claimant *unless* the employer establishes that it had a reasonable basis for the contest. Whether a contest is reasonable is a question of law in which our review inquires as to whether the contest was brought to resolve genuinely disputed issues or merely for the purpose of harassing the claimant. *Mercy Catholic Medical Ctr. v. Workmen's Compensation Appeal Board (Fry)*, 114 Pa.Commonwealth Ct. 218, 538 A.2d 636 (1988). This legal conclusion must be based upon facts found by the referee and supported by the evidence. *Id.*

The referee made the following findings which are pertinent to this issue.

44. I find that the testimony of the Defendant witnesses was not credible or competent, but was presented to harass Claimant.

45. I find that the Defendant's contest was frivolous and made to harass Claimant because Mr. Vincent Tomei told Claimant he would be sorry if he did not go along with Mr. Tomei, and because in March of 1986, Defendant had knowledge from an independent witness that Claimant hurt his back while pulling a large piece of material in October 1984, left for a short while and then returned to complete the job. Defendant had knowledge that Claim-

2. 77 P.S. § 996.

ant required medical treatment as a result of this work injury and paid for tests and office visits with Dr. Langfitt, Claimant's orthopedic physician. Defendant chose to ingnore [sic] all of this knowledge and contest this legitimate claim.

46. Defendant failed to established [sic] that it had a reasonable basis to contest Claimant's petition. Claimant is entitled to receive payment of his attorney's fee in the amount of 20% of all compensation due over and above any compensation to be awarded to Claimant.

Referee's Decision of November 25, 1988 at 6.

We believe these findings, supported by the record, are sufficient to support the conclusion that the employer did not have a reasonable basis to contest this claim.[3]

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of March, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** We would also note that, even though it was challenging medically related aspects of this claim, the employer did not introduce any medical evidence.