## Commonwealth *v.* Siedlecki.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Jerrold D. Harris,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General,

*Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, January 31, 1973:

Joseph J. Siedlecki, Jr. (Siedlecki), was allegedly convicted of violating Section 1016(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1016(b), for failing to heed a stop sign in the City of Philadelphia on February 7, 1970. He allegedly paid the fine and costs for this violation on March 10, 1970.

The Secretary of Transportation (Secretary) subsequently assigned 5 points to Siedlecki's record in accordance with Section 619.1(b) of The Vehicle Code, 75 P.S. §619.1(b). This brought his total point accumulation to 14 points, because Siedlecki had already accumulated 9 points for two previous convictions. As mandated by subsections (i) and (k) of Section 619.1, 75 P.S. §619.1(i) and (k), the Secretary imposed a sixty-day suspension. After receiving notice of this suspension, Siedlecki appealed to the Court of Common Pleas of Philadelphia County pursuant to Section 620 of the Code, 75 P.S. §620. He asserted that he neither was at the indicated intersection nor went through the stop sign on the day in question.

After a very brief hearing before the lower court, the hearing judge sustained Siedlecki's appeal. The Commonwealth has appealed that decision.

Our duty is to examine the testimony to determine whether the findings of the court are supported by competent evidence, and to correct conclusions of law erroneously made. *Commonwealth v. Buffin,* 2 Pa. Commonwealth Ct. 404, 278 A. 2d 366 (1971); *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

The lower court justified its decision in the following words from its opinion:

"[T]he appellant asserts that he never received a traffic ticket for any such violation and that if the fine and costs were paid, they were not paid by him.

"The evidence supports the appellant's position. The Commonwealth offered no evidence other than a record showing the payment of the fine and costs by someone. There was no direct evidence that the appellant paid the fine and costs or that the appellant in fact was the driver of the car ticketed for ignoring a stop sign on February 7, 1970.

. . .

"Since the appellant was not properly convicted, the Director's assignment of points for the conviction and the resulting suspension were improper."

This was in error in the following respects. Firstly, Siedlecki never testified to those facts stated in the first sentence quoted above. Counsel for the Commonwealth did state at the hearing that "[i]f Mr. Siedlecki took the stand he would testify that he didn't receive this ticket." Siedlicki, however, never said as much, and nowhere in the record is there testimony "that if the fine and costs were paid, they were not paid by him."

Secondly, the Commonwealth is not required to prove who actually paid the fine and costs. The lower court therefore was in error in this point system case in shifting that burden to the Commonwealth to go forward with proof beyond the records of convictions received by the Department of Transportation and the record of these convictions kept by the Secretary. Once the Commonwealth had submitted such proof, it had made out a prima facie case, and it was then incumbent upon Siedlecki to prove that (1) he was not convicted, or that (2) the records or computations of the Secretary were incorrect, the issue being whether the operator *was* convicted and not whether he *should have*

*been* convicted. *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968).*

Since miscomputation of points is not averred here, what we recently said in *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 498, 296 A. 2d 530, 532 (1972), is applicable: "[W]e interpret Virnelson ['If the defendant wishes he may then proceed to show that he was not convicted. . . .'] as restricting review of the conviction to very basic questions, such as whether *this,* rather than some other, defendant was convicted."

To rebut the prima facie case of the Commonwealth, the operator must prove by competent and convincing evidence that *he* was not convicted. For example, he must prove that someone else, perhaps with a similar name, was convicted, or that he in fact was not the one convicted of the offense for which the Secretary assessed points.

The three separate traffic tickets for Siedlecki's three separate violations are worthy of note. The first two list "Joseph J. Siedlecki" and "Joseph J. Siedlecki, Jr.," respectively, as the violator. The third ticket (for the stop sign violation) simply bears the name "Joseph

---

* *Virnelson* states the following: "However, in determining 'whether the petitioner is subject to suspension,' the lower court will merely determine whether there has been a compliance with Section 619.1. At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record in the proper form, and the secretary's records compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of Section 619.1, the Commonwealth has produced a prima facie case for suspension. If the defendant wishes he may then proceed to show that he was not convicted or that the records or the computation of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted." 212 Pa. Superior Ct. at 368, 243 A. 2d at 469.

Siedlecki". Identical on all three tickets are Siedlecki's birthday, address (the same as that of his father), and operator's plate number (driver's license number). The first two tickets bear the same vehicle description (1969 green Ford passenger car) and Pennsylvania license plate number (9Y9681). The third ticket differs in that the vehicle is listed as a 1969 blue Mercury passenger car with Pennsylvania license plate number M52933.

Siedlecki testified that at the time of the alleged violation he lived with his father, Joseph J. Siedlecki, Sr.; that "in February, 1970" he drove a 1969 Ford Mustang; that he did not drive a 1969 Mercury on February 7, 1970, and that he knew no one who owned such a car.

When asked to explain how his exact driver's license number appeared on all three tickets, Siedlecki replied: "It *could have been* my father did pick up my license by mistake and did use the car and did use my operator's license at that particular time." (Emphasis added.) Siedlecki further explained, rather unconvincingly, that he usually kept his driver's license on the kitchen table.

Although Siedlecki was at a loss at the hearing to explain who owned a 1969 Mercury, the Commonwealth subsequently checked the records of the Bureau of Motor Vehicles, Department of Transportation, and found that a Mercury was owned by a Joseph Siedlecki of the same address as the appellee at the time of the stop sign violation.

Siedlecki's position, established more by what he didn't rather than did say at the hearing, is that he did not commit the violation, that he did not pay the fine and costs, and that it "could have been" his father who did these things. We must conclude that the recited facts fail to afford a justifiable factual basis for the order of the court below. *See Commonwealth v. Fisher,* 184 Pa. Superior Ct. 75, 132 A. 2d 739 (1957).

Whether Siedlecki or his father actually committed the third violation goes to the merits, *i.e.,* whether Siedlecki *should have been* convicted, and should have been determined by an appeal within ten days of conviction to the common pleas court pursuant to Section 3 of the Act of December 2, 1968, P. L. 1137, No. 355, 42 P.S. §3003. This assumes, of course, that Siedlecki knew of the conviction at the time it occurred on March 10, 1970. He does not plead surprise at receiving a suspension notice later, and nowhere in the record does he specifically admit or deny either receiving the third ticket or paying the fine and costs.

Such omissions do not establish a successful defense to a prima facie case. It is not sufficient to say simply it "could have been" that the senior Siedlecki mistakenly used his son's driver's license and evidently was charged for the violation and paid the fine and costs. Without more, it must be assumed that Siedlecki was charged and fined as the Commonwealth's records indicate.

The order of the Court of Common Pleas of Philadelphia County is reversed, and the order of the Secretary of Transportation is reinstated.