515 A.2d 1047

In the Matter of Appeal of Richard Michael George. Richard Michael George, Appellant.

Submitted on briefs June 9, 1986, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Joseph M. George, Buck, Margolis, Mahoney, George & Port,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, October 9, 1986:

Richard Michael George appeals a decision of the Court of Common Pleas of Fayette County affirming a suspension of his driver's license pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539 (accumulation of 11 points or more).

In a license suspension case where the suspension is based on the accumulation of points, the Department of Transportation (DOT) must produce the records of convictions which justify the suspension. The burden then shifts to the motorist who must prove that he was not, in fact, convicted or that the records or calculations are incorrect. *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973). There is no doubt that DOT has sustained its initial burden of proof by introducing into evidence certified records of all the necessary convictions. George, however, maintains that he has proved that the records submitted by DOT are incorrect and that we must, therefore, reverse the trial court's decision.

This Court stated in *Siedlecki* that "[t]o rebut the *prima facie* case of the Commonwealth, the operator

must prove by competent and convincing evidence that he was not convicted." *Id*. at 134, 300 A.2d at 288 (emphasis deleted). The evidence submitted by George is neither competent nor convincing. He relies exclusively on a computer printout of his driver's record that he obtained from DOT which does not reflect one of the violations upon which his suspension was based. George does not really argue that he was not convicted of the violation in question. He merely asserts that because the violation was not reflected on this computer printout it must necessarily follow that the Commonwealth records are incorrect. This argument is, of course, absurd. As the trial court noted, this uncertified, informal summary of charges cannot possibly rebut the certified record introduced by DOT which also includes a copy of the citation given to George for the violation in question.

We further note that, although there may be many reasons why the December 12, 1981 violation is not listed on the document introduced into evidence by Geroge, we find one explanation offered by DOT especially noteworthy. As DOT correctly points out, George's suspension was based on four violations while the printout lists only two. However, since the word "continued" appears on the bottom of the page, DOT suggests that the two missing violations may have been listed on a second page which was not introduced into evidence.

We are satisfied that this rather simple explanation resolves the controversy; hence, we necessarily reach the conclusion that the present appeal is frivolous. We feel disposed to remand this case pursuant to Pa. R.A.P. 2744, for determination of the delay damages and attorney's fees due to the Department of Transportation. However, since the Department has not requested such action, we will not in this case *sua sponte* do so. We

wish to call the attention of the members of the bar to our concern in this area and alert them to the possibility of future sanctions if, in the future, the courts are misused by litigants.

The order is affirmed.

ORDER

Now, October 9, 1986, the order of the Court of Common Pleas of Fayette County at No. 213 GD 1984, dated November 15, 1984, is affirmed.