103 Pa. Commonwealth Ct. 290 (1987)
520 A.2d 525
Manojkumar D. Patel, Petitioner
v.
Workmen's Compensation Appeal Board (Sauquoit Fibers Company), Respondents.
No. 2673 C.D. 1985.
Commonwealth Court of Pennsylvania.
Submitted on briefs September 8, 1986.
January 21, 1987.
*291 Submitted on briefs September 8, 1986, to Judges MacPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
Norman Weinstein, for petitioner.
David E. Heisler, Lenahan & Dempsey, for respondent, Sauquoit Fibers Company.
OPINION BY SENIOR JUDGE BARBIERI, January 21, 1987:
Before this Court in this workmen's compensation case comes Manojkumar D. Patel, Claimant, seeking review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of his most recent petition on the ground of res judicata.
*292 The complex and repetitious petitions and procedures carried out by the Claimant in this case are all fully set forth in the most recent decision of this Court, dated March 4, 1985, in which we affirmed the Board's decision that a prior petition concerning the same injury was barred by the doctrine of collateral estoppel or res judicata in the broad sense. See Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Company), 88 Pa. Commonwealth Ct. 76, 488 A.2d 1177 (1985) (Patel II). Since the principles enunciated there apply equally here, and we think of no way to improve on what we said there, we will affirm the Board here on the basis of that decision and opinion.[1]
We are further convinced that this appeal is wholly frivolous and that costs of this appeal shall be taxed to the Claimant pursuant to Pa. R.A.P. 2741(2). Our Supreme Court has held that an appeal is "wholly frivolous" if there is a complete lack of points present that might arguably support an appeal. See Commonwealth v. McClendon, 495 Pa. 467, 472, 434 A.2d 1185, 1188 (1981). The initial appeal to this Court, filed in 1981, adjudicated Claimant's workmen's compensation case on the merits. See Patel v. Sauquoit Fibers Co., 56 Pa. Commonwealth Ct. 279, 424 A.2d 621 (1981) (Patel I). Claimant then filed a second claim petition on the same injury which was dismissed before the referee, the Board and this Court on the basis it was barred by the principles of collateral estoppel and res judicata. See *293 Patel II. A third claim petition regarding the same injury was filed while the 1985 appeal was still pending. As was the case with the second petition, the referee and the Board dismissed it as barred by res judicata and collateral estoppel. After this Court upheld the dismissal of his second claim petition on the basis of res judicata and collateral estoppel in 1985, Claimant appealed the Board's dismissal of his third petition on the same grounds. This appeal, the third dealing with Claimant's 1978 injury and the second to be dismissed due to collateral estoppel and res judicata, is clearly wholly frivolous and constitutes patent abuse of Claimant's constitutional right to avail himself of the courts of this Commonwealth as guaranteed by Article I, § 11, and Article 5, § 9, of the Pennsylvania Constitution. The imposition of costs upon the Claimant pursuant to Pa. R.A.P. 2741(2) is wholly warranted in this case.
Additionally, we believe that the repetitious and frivolous nature of this protracted litigation, particularly as regards this appeal would entitle respondent to an award of reasonable counsel fees pursuant to Section 2503(7) of the Judicial Code, 42 Pa. C. S. §2503(7) and Pa. R.A.P. 2744(1) had such a petition been filed. Under 42 Pa. C. S. §2503(7), a party is entitled to recover reasonable counsel fees where the opposing party's conduct in commencing the action was arbitrary, vexatious or in bad faith. Brenckle v. Arblaster, 320 Pa. Superior Ct. 87, 466 A.2d 1075 (1983); Bowers v. Valley Mutual Insurance Co., 28 Pa. D. & C. 3d 327 (C.P.Franklin 1983). Pa. R.A.P. 2744 permits an appellate court to impose an award of reasonable counsel fees against a party where the appellate court determines an appeal is wholly frivolous or taken solely for delay. See Gossman v. Lower Chanceford Township Board of Supervisors, 503 Pa. 392, 469 A.2d 996 (1983). Where a party insists upon raising before this Court a claim that *294 the Board twice and this Court once has previously held was barred by collateral estoppel or res judicata, we cannot avoid characterizing such an appeal as so wholly frivolous as to warrant the imposition upon such a party the sanction of paying the reasonable counsel fees of his opponent. We hesitate, however, in the absence of a request by respondent, to take such a step sua sponte, although clearly authorized to do so under the terms of Pa. R.A.P. 2744. We wish to emphasize here that such abuse of this Court's appeals process may in the future, even sua sponte, result in imposition of such sanctions. We again issue this warning, as we did in Appeal of Richard Michael George, 101 Pa. Commonwealth Ct. 241, 515 A.2d 1047 (1986), where we stated:
... We feel disposed to remand this case pursuant to Pa. R.A.P. 2744, for determination of the delay damages and attorney's fees due to the Department of Transportation. However, since the Department has not requested such action, we will not in this case sua sponte do so. We wish to call the attention of the members of the bar to our concern in this area and alert them to the possibility of future sanctions if, in the future, the courts are misused by litigants.
Id. at 243, 515 A.2d at 1048.
Therefore, we shall affirm the order of the Board that dismissed Claimant's petition on the ground of res judicata and impose upon Claimant costs of this appeal pursuant to Pa. R.A.P. 2741(2).

ORDER
NOW, January 21, 1987, the order of the Workmen's Compensation Appeal Board at Docket No. A-89694, dated June 4, 1985, is hereby affirmed. Costs of this appeal are taxed to the Petitioner, Manojkumar D. Patel, under Pa. R.A.P. 2741(2). Respondent shall submit its bill of costs pursuant to Pa. R.A.P. 3751.
NOTES
[1] In passing, we note that Claimant is barred in any event: if not barred as decided on the basis of the same case, once finally, the claim if pressed as a new one and not previously determined most assuredly would be barred by the limitation in Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602, as Referee Olexy concluded in his opinion of January 22, 1985. The injury occurred on October 12, 1975. The instant Claim Petition was filed November 28, 1984.