**Joseph MORRA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 1995.

Decided Nov. 15, 1995.

Kenneth C. Taylor, for appellant.

Marc A. Werlinsky, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In-Charge, Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by Joseph Morra from an order of the Court of Common Pleas of Delaware County which denied his appeal of an order of the Department of Transportation (Department) reinstating a one-year suspension of his driver's license.

On September 23, 1993, the Department mailed to Morra an official notice stating that his operating privilege was scheduled to be suspended for a period of one year as a result of his conviction under Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 ("Driving Under the Influence of Alcohol or a Controlled Substance"). Morra appealed this notice to the court of common pleas, but because his appeal was untimely, it was dismissed on January 19, 1994. No appeal was taken from that dismissal. Further, on April 13, 1994, the Department mailed to Morra a reinstatement of the one year suspension to commence on May 18, 1994. Morra then filed an appeal of his license suspension, alleging that the delay of nearly ninety days between the date on which the common pleas court dismissed his prior appeal (January 19, 1994) and the date the Department mailed him a notice of suspension (April 13, 1994) was unreasonable and unduly prejudicial.

On October 12, 1994, at the hearing on Morra's appeal, the Department moved in open court to quash Morra's appeal, alleging that the appeal was improper and that the common pleas court lacked jurisdiction to hear this appeal. On December 22, 1994, the common pleas court filed an order dismissing the Department's motion to quash and dismissing Morra's license suspension appeal. On January 13, 1995, Mora filed a timely appeal to this Court of the December 22, 1994 order.

On appeal, Morra argues that the lower court erred by permitting the Department to place inadmissible evidence into the record; by considering counsel for the Department's unsworn "testimony" regarding certified documentary evidence; and by failing to require the Department to prove that the approximately ninety day delay was reasonable.

We find that Morra has waived all of these issues. First, Morra's contentions that the trial court improperly admitted into evidence and considered the "unsworn testimony" of Department counsel regarding certified documentary evidence are waived because Morra failed to properly object in court at the time these errors allegedly occurred. *See Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Sec-

ond, the record shows that Morra failed to raise the alleged error regarding the Department's burden of proof on the delay issue in his Concise Statement of Matters Complained of on Appeal (Statement). The failure of Morra to raise the issue in his Statement constitutes a waiver of that issue and, thus, we will not consider it on appeal. *Lower Paxton Township, Board of Supervisors v. Okonieski*, 153 Pa.Cmwlth. 36, 620 A.2d 602 (1993).

■ We note, however, that even if Morra had properly preserved these issues for appeal, Morra's arguments are totally meritless. With respect to the "unsworn testimony" issue, the record reveals that counsel for the Department merely recited to the court the list of documents comprising Exhibit C–1 and in no manner offered "personal testimonial references" with respect to those items.[1] Morra's brief, as well as our own review of the case law, reveals no case supporting the contention that merely describing the nature of documents for purposes of admission into evidence is the equivalent of "testimony" with respect to those same documents. If Morra's argument was accepted, no attorney could ever explain to a trial judge what a particular document purported to be. Clearly, Morra's assertion is absurd.

Accordingly, we conclude that the present appeal is frivolous. Pa.R.A.P. 2744 permits an appellate court to impose an award of reasonable counsel fees against a party where the appellate court determines an appeal is wholly frivolous or taken solely for delay. *See Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 103 Pa.Cmwlth. 290, 520 A.2d 525 (1987). However the Department has not requested counsel fees in this case and, therefore, we decline to impose fees *sua sponte,* although we are empowered to do so under Pa.R.A.P. 2744. *Id.* Nonetheless, we repeat the warning issued in *Appeal of George*, 101 Pa. Cmwlth. 241, 515 A.2d 1047, 1048 (1986), "[w]e wish to call to the attention of the members of the bar our concern in this area and alert them to the possibility of future sanctions if, in the future, courts are misused by litigants."

The order is affirmed.

## ORDER

NOW, November 15, 1995, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

FRIEDMAN, J., concurs in the result only.

---

1. The alleged "testimony" is as follows:

   Mr. Werlinsky: I would like to move the record into Court at this time as Exhibit C–1, Mr. Taylor is looking at the documents again, and this record includes the following documents. It includes that DL–21 form which reported to us the conviction for the 3731(d)(1) conviction.

   The Court: Right.

   Mr. Werlinsky: Judge Jenkins' Order dated January 19, '94, dismissing Mr. Morra's appeal of the suspension notice, which is also in there, the September 24, 1993 notice, as untimely filed. What is called the discrepancy routing sheet bearing the date of April 6, 1994, directing the appropriate office within the Department to reinstate the suspension.

   The Court: Okay.

   Mr. Werlinsky: And the suspension notice which is being appealed today, the reinstatement notice, bearing a date of April 13, 1994.... I would ask that the documents be marked collectively as Exhibit C–1 and admitted into evidence.

(Notes of Testimony at 24–25; Reproduced Record at 24a–25a).