**Chad J. RENNA, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs, Aug. 11, 2000.

Decided Nov. 20, 2000.

---

Jon A. Barkman, Somerset, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before McGINLEY, Judge, FRIEDMAN, Judge and MIRARCHI, Senior Judge.

FRIEDMAN, Judge.

Chad J. Renna [1] (Licensee) appeals from the February 17, 2000 order of the Court of Common Pleas of Somerset County (trial court), which denied and dismissed Licensee's license suspension appeal and which upheld and reinstated the suspension of Licensee's operating privilege, imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to sections 1532(b)(3) and 1581 of the Vehicle Code.[2] We affirm.

DOT suspended Licensee's operating privilege after receiving notification from the State of Missouri that, on June 15, 1999, Licensee had been convicted of an offense that is equivalent to a violation of section 3731 of the Vehicle Code.[3] (R.R. at 17a.) On August 17, 1999, Licensee filed a petition for review with the trial court, claiming that the suspension violates his due process rights and that his conviction in Missouri was not for an offense that is subject to suspension in Pennsylvania.[4] (R.R. at 4a–5a.)

At the November 5, 1999 hearing before the trial court, DOT presented a certified abstract of a court record from the State of Missouri showing Licensee's conviction in the Boone County Circuit Court for driving with excessive blood alcohol content, a violation of section 577.012 of the

1. On August 11, 2000, this case was placed on hold pending the outcome of *Department of Transportation v. McCafferty*, —— Pa. ——, 758 A.2d 1155 (2000).

2. Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3), states that DOT shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or a controlled substance) or 3733 (relating to fleeing or attempting to elude a police officer), or substantially similar offenses reported to DOT under Article III of section 1581 (relating to the Driver's License Compact).

3. 75 Pa.C.S. § 3731.

4. In his petition for review of the suspension, Licensee states that he appeals the suspension "[f]or such other reasons as will be presented at the hearing." (R.R. at 5a.) However, Licensee raised no other issues at the hearing. (*See* R.R. at 94a–120a.)

Missouri Revised Statutes. (R.R. at 20a; Trial court op. at 2; *see also* R.R. at 24a.) The certified record also contained a copy of a Uniform Complaint and Summons (Complaint) that had been issued to Chad Joseph Renna, a twenty-five-year-old white male weighing 195 pounds, standing six feet, two inches tall and residing at 1362 Kutch's Drive, Somerset, Pennsylvania. The Complaint charged the defendant with operating a motor vehicle while in an intoxicated condition, a violation of section 577.010 of the Missouri Revised Statutes. In addition, the Complaint provided a detailed description of the motor vehicle operated by the defendant, the defendant's license number, the defendant's employer and the location where the violation occurred on January 21, 1999. (R.R. at 19a; Trial court op. at 2.)

On February 17, 2000, the trial court denied and dismissed Licensee's appeal and upheld and reinstated the license suspension.[5] (R.R. at 83a.) Licensee filed a notice of appeal with the trial court on March 17, 2000. (O.R., Notice of Appeal.) On March 27, 2000, the trial court ordered Licensee to file a statement of the matters complained of on appeal pursuant to Pa. R.A.P.1925(b). (O.R., Trial court order dated 3/27/00.) On April 7, 2000, Licensee filed such a statement, asserting that section 1584 of the Vehicle Code[6] is unconstitutional because it: (1) violates his due process rights; and (2) is an improper unilateral amendment of the Driver's License Compact. (O.R., Matters Complained Of.)

On appeal to this court,[7] Licensee argues that section 1584 of the Vehicle Code, which permitted DOT to suspend his operating privilege without all of the information required by Article III of the Driver's License Compact, is unconstitutional as applied to him because it violated his due process rights. We disagree.

In *Department of Transportation v. McCafferty*, —— Pa. ——, 758 A.2d 1155 (2000), our supreme court held that Article III of the Driver's License Compact does not prohibit DOT from relying on the information contained in an out-of-state report even if the report lacks certain information specified in Article III. The court explained that, where the missing information would not "shed any light on the *conduct* underlying...[the] conviction," DOT is not precluded from performing its duties under the Driver's License Compact. *Id.*, at 1164 (emphasis in original). The court also held that the omission of information required by Article III does not deprive licensees of procedural due process so long as the licensees "knew exactly what was happening to them and why."[8] *Id.*, at 1163.

Here, the trial court found that the Missouri conviction report was deficient under Article III because it failed to indicate Licensee's plea or whether the conviction was the result of the forfeiture of bail, bond or other security.[9] (Trial court op. at

---

5. The trial court recognized that the Missouri conviction report omitted information required by Article III of the Driver's License Compact. However, the trial court overlooked the missing information based on section 1584 of the Vehicle Code, which states that such an omission shall not excuse or prevent DOT from complying with its duties under Articles IV and V of the Driver's License Compact. *See* 75 Pa.C.S. § 1584.

6. 75 Pa.C.S. § 1584.

7. Our scope of review of a decision in a license suspension case is to determine if the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law of an abuse of discretion. *Bourdeev v. Commonwealth*, 755 A.2d 59 (Pa.Cmwlth.2000).

8. The court stated, "The due process clause does not create a right to be deliberately obtuse as to the nature of a proceeding." *Id.*, at 1163.

9. This same information was missing from the out-of-state report in *McCafferty*. *See id.*, at 1164.

6–7.) Actually, our review of the record reveals that the Missouri conviction report *does* indicate that Licensee's conviction was not the result of bond forfeiture. (R.R. at 20a.) Moreover, Licensee himself presented evidence to the trial court indicating that he voluntarily pled guilty to the offense with which he was charged in Missouri. (R.R. at 24a.) Indeed, there is nothing in the record to suggest that, when Licensee received notice of the suspension from DOT, Licensee did not know what was happening to him and why. Thus, we conclude that there was no violation of Licensee's due process rights in this case.

Licensee also argues that section 1584 of the Vehicle Code is unconstitutional because it constitutes an impermissible attempt by the legislature to unilaterally modify the Driver's License Compact.[10] However, Licensee failed to preserve this issue for appeal because Licensee did not raise it in his August 17, 1999 petition for review to the trial court, (R.R. at 4a–5a), and because Licensee did not raise it at

the November 5, 1999 hearing, (R.R. at 92a–120a).[11] In fact, Licensee did not raise the issue until he filed his post-hearing brief with the trial court on January 3, 2000. (R.R. at 30a–31a.) Therefore, we decline to consider the matter here.[12]

Accordingly, we affirm.[13]

### ORDER

AND NOW, this 20th day of November, 2000, the order of the Court of Common Pleas of Somerset County, dated February 17, 2000, is hereby affirmed.

**10.** In making this argument, Licensee cites *Aveline v. Pennsylvania Board of Probation and Parole,* 729 A.2d 1254 (Pa.Cmwlth.1999), in which this court stated that the Contract Clause of the U.S. Constitution protects interstate compacts that are made with congressional approval from impairment by the states.

**11.** *See* 1 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 302:54 (1999) (stating that the failure to raise specifically a particular issue in the pleadings will result in a waiver, particularly where the issue is not raised until very late in the proceedings), and § 302:56 (stating that, generally speaking, in order for an issue to be preserved for appeal, it must be raised below at the earliest opportunity).

**12.** Even if we were to consider the issue, Licensee would not prevail. This court has

held that the Driver's License Compact is not the sort of interstate compact that is protected from state impairment by the Contract Clause of the U.S. Constitution. *Koterba v. Department of Transportation,* 736 A.2d 761 (1999), *appeal denied,* 561 Pa. 703, 751 A.2d 195 (2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 53, 148 L.Ed.2d 21, 2000 U.S. LEXIS 5060 (October 2, 2000).

**13.** Licensee also argues that the offense for which Licensee was convicted is not substantially similar to the offense of driving under the influence in Pennsylvania. However, because Licensee failed to include this issue in his statement of the matters complained of, we decline to address the matter. *See Morra v. Department of Transportation, Bureau of Driver Licensing,* 667 A.2d 468 (Pa.Cmwlth. 1995).