**Derek R. BAKER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 28, 2000.

Decided Nov. 22, 2000.

Gary G. Kraff, Lancaster, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before COLINS, Judge,
PELLEGRINI, Judge and McCLOSKEY, Senior Judge.

COLINS, Judge.

Derek R. Baker (Licensee) appeals from the order of the Court of Common Pleas of Lancaster County that dismissed his statutory appeal from a one-year suspension of his driving privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department). We affirm.

On October 8, 1999, the Department notified Licensee that pursuant to the Drivers License Compact of 1961 (Compact)[1] his Pennsylvania driving privilege would be suspended for a period of one year based on his September 9, 1999 New Jersey conviction, which according to the notice, is equivalent to a conviction under 75 Pa.C.S. § 3731 for driving under the influence of alcohol and/or a controlled substance.

1. 75 Pa.C.S. §§ 1581–1585.

■ Licensee appealed to the trial court, which held a *de novo* hearing and dismissed Licensee's appeal. The fundamental issue before the trial court was whether the packet of documents certified under seal and offered into evidence by the Department satisfied various requirements of the Compact. The Department argued that the evidence it proffered was not deficient because the General Assembly in December 1998 amended the Compact to provide that "[t]he omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles IV and V of the compact." 75 Pa.C.S. § 1584 (hereinafter § 1584). Licensee argued *inter alia*, that as a unilateral amendment to the Compact, § 1584 unconstitutionally abrogates the requirements of the Commonwealth to comply with the specific reporting requirements of the Compact. Licensee contended that the New Jersey report was deficient because it failed to satisfy Article III of the Compact, in that it omitted information about the identity of the court in which action was taken and whether a plea of guilty or not guilty had been entered. Additionally, Baker contended that the amendment to the Compact set forth at 75 Pa.C.S. § 1584 is unconstitutional and/or an impermissible unilateral amendment of the multilateral Compact.

The trial court rejected Licensee's arguments and by order entered February 28, 2000 denied Baker's appeal and reinstated the license suspension.

■ On appeal[2] to this Court, Licensee contends that § 1584 is an unlawful diminution of the information required by the Commonwealth to support a license suspension in accordance with the Compact. Licensee further contends that the trial court erred as a matter of law by failing to conclude that the information the Department provided was insufficient to sustain the suspension of Baker's license pursuant to § 1584. In light of the holding of the Pennsylvania Supreme Court in *Department of Transportation v. McCafferty,* —— Pa. ——, 758 A.2d 1155, (2000), Mr. Justice Castille writing for a majority of the Court stated,

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on [the Department] only when it is the state reporting the conduct, not when it is the home state. It does not prohibit [the Department] as the licensing authority in the home state, from relying on the information contained in the report even if the report lacks certain information specified in Article III. Nor does anything in Article III render the New Jersey report of conviction inadmissible if defective.

—— Pa. at ——, 758 A.2d at 1164 (footnote and emphasis omitted).

Applied to the case at hand, the Department was within its authority to suspend the driving privilege of Licensee based on the information contained in the report issued by the State of New Jersey. *McCafferty.* See also *Renna v. Department of Transportation, Bureau of Driver Licensing,* 762 A.2d 785 (Pa.Cmwlth.2000).

Accordingly, the order of the Court of Common Pleas of Lancaster County is affirmed.

---

**2.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the trial judge committed constitutional violations or errors of law. 2 Pa. C.S. § 704; *Bourdeev v. Commonwealth,* 755 A.2d 59 (Pa.Cmwlth. 2000).

**_O R D E R_**

AND NOW, this 22nd day of November 2000, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.