Kenneth L. GEESAMAN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 2000.

Decided Nov. 22, 2000.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

David E. Hershey, Harrisburg, for appellee.

Before COLINS, Judge, McGINLEY, Judge and JIULIANTE, Senior Judge.

1. 75 Pa.C.S. §§ 1581–1585.

COLINS, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals the order of the Court of Common Pleas of Cumberland County (trial court) that sustained the statutory appeal of Kenneth L. Geesaman (Licensee) from a one-year suspension of his driving privilege. We reverse.

On July 13, 1999, the Department notified Licensee that pursuant to the Drivers License Compact of 1961 (Compact)[1] his Pennsylvania driving privilege would be suspended for a period of one year based on his June 2, 1999 North Carolina conviction, which according to the notice, is equivalent to a conviction under 75 Pa.C.S. § 3731 for driving under the influence of alcohol and/or a controlled substance.

Licensee appealed to the trial court, which held a *de novo* hearing and sustained Licensee's appeal. The fundamental issue before the trial court was whether the packet of documents certified under seal and offered into evidence by the Department satisfied various requirements of the Compact. The Department argued that the evidence it proffered was sufficient because the General Assembly in December 1998 amended the Compact to provide that "[t]he omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles IV and V of the compact." 75 Pa.C.S. § 1584 (hereinafter § 1584). Licensee argued *inter alia*, that as a unilateral amendment to the Compact, § 1584 unconstitutionally abrogates the requirements of the Commonwealth to comply with the specific reporting requirements of the Compact. The trial court concluded that Licensee's suspension should be set aside because the Department failed to submit evidence that it acted on the basis of a conviction report

that comports with the requirements of Article III of the Compact,[2] *i.e.*, the record of conviction detail was not issued by the licensing authority of the state of North Carolina but rather was a computer generated court abstract from the District Court of Monroe County, North Carolina, and the report failed to cite the North Carolina statute under which Licensee was convicted. Also, licensee argued that the conviction report failed to provide sufficient information upon which the trial court could make necessary factual determinations to justify a suspension pursuant to the Compact.

■ On appeal[3] to this Court, the Department contends that § 1584 sets forth the necessary information that the Commonwealth must receive from a party state to support a license suspension in accordance with the Compact. The Department asserts that the trial court erred as a matter of law by failing to conclude that the information provided by the Department was sufficient to sustain the suspension of Geesaman's license pursuant to § 1584. In *Department of Transportation v. McCafferty*, —— Pa. ——, 758 A.2d 1155 (2000) Mr. Justice Castille writing for a majority of the Court stated,

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore imposes an obligation on [the Department] only when it is the state reporting the conduct, not when it is the home state. It does not prohibit [the Department] as the licensing authority in the home state, from relying on the information contained in the report even if the

report lacks certain information specified in Article III. Nor does anything in Article III render the New Jersey report of conviction inadmissible if defective. . . .

—— Pa. at ——, 758 A.2d at 1164 (footnote and emphasis omitted). *See also, Renna v. Department of Transportation, Bureau of Driver Licensing*, 762 A.2d 785 (Pa. Cmwlth.2000). Applied to the case at hand, the Department was within its authority to suspend the driving privilege of Licensee based on the information received by the State of North Carolina.

The trial court held that the Department's evidence did not establish a conviction. We cannot agree. The evidence of record reflects a certification by Rebecca L. Bickley, Director of the Bureau of Driver Licensing, that she received a true and correct copy of a conviction detail from the licensing authority of the state of North Carolina. Attached to Director Bickley's certification were documents which included an abstract of a court record and a certified copy of the citation issued to licensee showing the results of the breathalyzer test (.08 and .09) to which licensee submitted on April 17, 1999. The citation contains the seal of the Superior Court of North Carolina and is certified by Delores M. Currie, Deputy Clerk Superior Court, Moore County, North Carolina. The information comports with the requirements of the Compact. *McCafferty*. Therefore, the trial court erred in concluding as a matter of law that the documents submitted by the Department, were not in

---

2. Article III of the Compact states as follows: licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a

result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.
75 Pa.C.S. § 1581.

3. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the trial judge committed constitutional violations or errors of law. 2 Pa.C.S. § 704; *Bourdeev v. Commonwealth*, 755 A.2d 59 (Pa.Cmwlth. 2000).

compliance with the requirements of the Compact, and thus, the documents were insufficient to support the Department's suspension of Licensee's driving privilege.[4]

█ In addition to the foregoing paper documentation, Geesaman testified before the trial court that he was operating a motor vehicle in the state of North Carolina on April 17, 1999 when he was stopped by a police officer. He testified that he was administered a chemical test to determine his blood alcohol content. The test revealed a blood alcohol content of .08. The results of a second test that was administered 30 minutes later revealed a blood alcohol content of .09. (Notes of Testimony, pp. 16–17.) As a result of the tests, Geesaman testified that he was charged with driving under the influence of alcohol in the state of North Carolina, and issued a citation. (Notes of Testimony, p. 20.) Geesaman testified that in response to the citation, he entered a plea of guilty and received a sentence of unsupervised probation, suspended jail sentence, and one year of not driving in North Carolina, and 30 days anywhere else. (Notes of Testimony, p. 19.) We conclude that this evidence in conjunction with the certified documents submitted by the Department supports the suspension of licensee's operating privilege in Pennsylvania.

Accordingly, the order of the trial court is REVERSED; the suspension of Licensee's driving privilege is reinstated.

## ORDER

AND NOW, this 22nd day of November 2000, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is reversed; the suspen-

sion of the driving privilege of Kenneth L. Geesaman is reinstated.

---

**4.** Since the documents at issue herein were submitted under seal of the Secretary of the Commonwealth, we conclude that this Court's decisions in *Cotter v. Department of Transportation, Bureau of Driver Licensing,* 703 A.2d 1092 (Pa.Cmwlth.1998), and *Thorne v. Department of Transportation, Bureau of Driver Licensing,* 727 A.2d 1205 (Pa.Cmwlth.1999) (relating to the department's practice of having its attorney's certify as authentic the documents that were being submitted into evidence), do not impact on the outcome of this case.