**Jeffrey T. CATANZARITE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 7, 2000.

Decided Jan. 11, 2001.

Before DOYLE, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge and FLAHERTY, Judge.

DOYLE, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County, which sustained Jeffrey T. Catanzarite's appeal of a one year suspension of his driver's license. The suspension, which was based on an out-of-state conviction for driving under the influence of alcohol, was imposed by DOT pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. §§ 1532(b)(3),[1] as required by the Driver's License Compact.[2]

The Driver's License Compact is a contractual agreement between 39 party states which is intended to promote compliance with each party state's driving laws.[3] Article III of the Compact states:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly [1] identify the person convicted, [2] describe the violation specifying the section of the statute, code or ordinance violated, [3] identify the court in which action was taken, [4] indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1532(b)(3) (emphasis added).

Timothy P. Wile, Asst. Counsel In-Charge, Pittsburgh, for appellant.

Shawn M. Stevenson, Pittsburgh, for appellee.

1. Section 1532(b)(3) of the Vehicle Code states:

> [DOT] shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) ... or substantially similar offenses *reported to [DOT] under Article III of section 1581* ....

2. Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581. Pennsylvania joined the Compact in 1996, when it enacted 75 Pa.C.S. § 1581.

3. *Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998).

75 Pa.C.S. § 1581. When Pennsylvania receives an Article III report from another state, it must take action in accord with Article IV of the Compact, which states, in pertinent part:

> (a) [DOT], for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, *pursuant to Article III of this compact,* as it would if such conduct had occurred in [Pennsylvania] ... in the case of convictions for:
>
> . . . .
>
> (2) driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving a motor vehicle;
>
> . . .

75 Pa.C.S. § 1581 (emphasis added).

Turning to the instant case, DOT, in accordance with its duties under the Compact, suspended Catanzarite's operating privileges for one year on March 29, 1999, when the State of Ohio reported his conviction in that state for DUI. The Ohio report stated, in relevant part, that Catanzarite was convicted in Ohio on January 26, 1999 of "DUI–ALCOHOL/LIQUOR."

Catanzarite appealed the suspension to the Common Pleas Court, which held a

hearing and, at that hearing, DOT presented certified documents, which included the Ohio conviction report, to establish the underlying Ohio DUI conviction. Further, because the report did not contain a citation to the specific statute that Catanzarite had violated, and, for that reason, did not strictly comply with Article III of the Compact, DOT argued the applicability of a December 1998 amendment to Section 1584 of the Vehicle Code,[4] stating:

> [T]he fact that the conviction report does not include this item of information is of no consequence in view of ... Section 1584 which the legislature specifically enacted in response to appellate court decisions saying that the absence of that item of information prevented the Department from suspending.[5]

> So I would submit that the evidence is sufficient to meet the Department's burden of proof and that the appeal should be dismissed.

(Transcript at 8–9; Reproduced Record (R.R.) at 14a–15a.)

In response, Catanzarite argued that DOT's evidence was deficient under Article III of the Driver's License Compact because the certified documents did not state "the section [of the law that was] ...

---

**4.** On December 21, 1998, our Legislature amended Section 1584 of the Vehicle Code, 75 Pa.C.S. § 1584, to provide:

> **Furnishing of information to other states**
> [DOT] shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of Articles III, IV and V of the compact. *The omission from any report received by [DOT] from a party state of any information required by Article III of the compact shall not excuse or prevent [DOT] from complying with its duties under Articles IV and V of the compact.*

(Emphasis added.) The 1998 amendment added the second sentence of Section 1584 (emphasized above) and that new language took effect immediately.

**5.** Following Pennsylvania's enactment of the Compact, this Court was faced with the issue of whether DOT could suspend a licensee's

driver's privileges for an out-of-state conviction when DOT received a conviction report from a party state that did not contain all of the information required by Article III of the Compact. We decided this issue in *Mazurek v. Department of Transportation, Bureau of Driver Licensing,* 717 A.2d 23, 25 (Pa.Cmwlth. 1998), *reversed* 563 Pa. 343, 760 A.2d 848 (2000), where we reasoned:

> [T]he word shall in Article III is mandatory. . . . Thus, the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation, including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or of whether the conviction resulted from a forfeiture of security.

Approximately three months after we decided *Mazurek,* our Legislature amended Section 1584 of the Vehicle Code.

violated and how [the] . . . conviction occurred." (Transcript at 6; R.R. at 12a.) Catanzarite also argued that section 1584 of the Vehicle Code is "completely" unconstitutional. (Transcript at 9; R.R. at 15a.)

The trial court sustained Catanzarite's appeal, reasoning as follows:

> We . . . accepted the arguments of counsel for the defense and agreed that the certified Ohio documents proffered by the Commonwealth were deficient for purposes of its prosecution in that they failed to definitively recite the statutory authority upon which the Ohio conviction was based. Mindful of the constitutional effects of allowing the imposition of the sanction to proceed in the face of these deficiencies, we sustained the appeal. . . .

(Common Pleas Court opinion at 2.)

■ On appeal to this court, DOT contends that the Common Pleas Court committed an error of law when it, in effect, determined that Section 1584 of the Vehicle Code is unconstitutional. DOT argues that the amendment to Section 1584 of the Vehicle Code allows it "to act upon a report of conviction that does not meet the technical reporting requirements of Article III of the Driver License Compact" (DOT's brief at 9), and further that the out-of-state conviction report in the instant case, which clearly identifies Catanzarite and indicates that he was convicted of DUI, "is sufficient to . . . satisfy its burden of proof and establish a prima facie case to support the suspension of Catanzarite's operating privilege." (DOT's brief at 19.) (Emphasis in the original.)

Recently, our Supreme Court analyzed Article III of the Compact and DOT's responsibilities thereunder in *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000). The High Court stated:

> Article III is clearly mandatory for a party state reporting a conviction within its jurisdiction. Article III therefore *imposes an obligation on PennDOT only when it is the state reporting the conduct, not when it is the home state.* It does not prohibit PennDOT, as the licensing authority in the *home state,* from relying on the information contained in the report *even if the report lacks certain information specified in Article III.* Nor does anything in Article III render the New Jersey report of conviction inadmissible if defective. . . .

*Id.,* 563 Pa. at ——, 758 A.2d at 1164–65 (emphasis added) (footnote omitted). The Supreme Court also considered the impact of a defective out-of-state report on DOT's authority to suspend a Pennsylvania licensee's driver's license:

> Appellee . . . merely argues that the lack of specific details regarding the conduct underlying the conviction in New Jersey makes it impossible to determine whether that conduct would result in a license suspension if the out-of-state conduct was committed in Pennsylvania. However, the information that was not included in New Jersey's report would not have provided any additional information regarding the actual conduct underlying the conviction. The report provided by New Jersey merely failed to identify the court in which action was taken and to indicate appellee's plea and whether the conviction was the result of forfeiture of bail, bond, or other security. . . . None of this information would have shed any light on the *conduct* underlying the appellee's conviction; it is the *conduct* underlying the conviction that triggers PennDOT's duties under the Compact.

*Id.,* 563 Pa. at ——, 758 A.2d at 1164 (emphasis in the original). While DOT did not introduce documents before the common pleas court citing the specific out-of-state statute under which the licensees were convicted, the *McCafferty* Court did not find that this omission violated the licensees' due process rights:

> While it may have been preferable for PennDOT to certify at trial documents that cited the specific out-of-state stat-

ute under which appellees were originally convicted, PennDOT's failure to do so ... did not deprive appellees of their constitutional right to due process because it did not deprive them of notice or a meaningful opportunity to be heard. Appellees do not dispute that they were convicted of the out-of-state DUI offenses, nor do they assert that they lacked notice of the actual conviction that led to the suspension proceedings or that they were denied notice of the nature of the suspension proceeding itself.... *The due process clause does not create a right to be deliberately obtuse as to the nature of the proceeding. Appellees here knew exactly what was happening to them and why.*

*Id.,* 563 Pa. at ——, 758 A.2d at 1163 (emphasis added) (footnote omitted).

Subsequent to its decision in *McCafferty,* the Supreme Court entered a per curiam order that reversed our decision in *Mazurek* (*see* footnote 5 *supra* ) and thereby conclusively ended the strict rule this Court had adopted requiring DOT to have all of the information mandated by Article III of the Compact at the time it suspends a licensee's operating privilege. The Supreme Court specifically based its reversal of *Mazurek* on *McCafferty.*

Further, it is obvious that the General Assembly amended Section 1584 to supersede our decision in *Mazurek,* a case we decided only a few months before Section 1584 was amended. The Legislature's amendment of Section 1584 in December of 1998, specifically permitting DOT to act on an incomplete report, was a clear rejection of the reasoning in *Mazurek.*[6]

Amended Section 1584 and *McCafferty,* in our view, are completely harmonious and establish a uniform rule for deciding all cases where compliance with Article III of the Compact is at issue.

In the instant appeal, it is undisputed that the Ohio conviction report failed to identify the specific section of the Ohio statute that Catanzarite allegedly violated. However, that deficiency is irrelevant in light of *McCafferty* and the amendment to Section 1584, which plainly provide that DOT, when faced with an out-of-state conviction report that is not in complete compliance with Article III of the Compact, may immediately suspend a licensee's driver's license. *See Baker v. Department of Transportation, Bureau of Driver Licensing,* 762 A.2d 795 (Pa.Cmwlth.2000); *Renna v. Department of Transportation, Bureau of Driver Licensing,* 762 A.2d 785 (Pa.Cmwlth.2000). Further, because Catanzarite did not deny that he was convicted of DUI in Ohio or that he knew why DOT was seeking to suspend his license, the absence from the Ohio report of a citation to the particular statute under which Catanzarite was convicted did not violate his due process rights. In the words of the Supreme Court, the due process clause did not give Catanzarite the right to be "deliberately obtuse" as to the nature of the suspension proceedings. Thus, we conclude that the information in the Ohio conviction report was sufficient under both *McCafferty* and Section 1584 to establish DOT's case, despite the absence in the conviction report of a specific citation to the Ohio statute Catanzarite violated.[7]

---

**6.** Section 1584 provides that "the omission *from any report* received by [DOT] from a party state of any information required by Article III of the compact *shall not excuse or prevent* [DOT] from complying with its duties under ... the compact." (Emphasis added.) In other words, when DOT receives a report from a party state that omits information mandated by Article III of the Compact, DOT is not excused from acting on that report, nor is it, on the other hand, prevented from taking appropriate action against a licensee. The

statute was plainly intended by the General Assembly to prevent DOT from being hamstrung by an out-of-state report that does not fully comply with Article III of the Compact.

Furthermore, we note that in *Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386, (2000), our Supreme Court, applying *McCafferty,* reversed a common pleas court's order that held that amended Section 1584 violated a licensee's due process rights.

 

Because DOT established its case in support of the suspension of Catanzarite's driver's license, the burden of production shifted to Catanzarite to rebut that evidence. *Scott v. Department of Transportation, Bureau of Driver Licensing,* 730 A.2d 539 (Pa.Cmwlth.1999). Catanzarite did not overcome that burden. His response to DOT's case focused on his arguments that Section 1584 was unconstitutional and that the specific Ohio statute had to be expressly stated in the conviction report. Those arguments are meritless in light of *McCafferty.*

For the above reasons, the Common Pleas Court's order is reversed and Catanzarite's suspension is reinstated.

### ORDER

**NOW,** January 11, 2001, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and Jeffrey T. Catanzarite's license suspension is reinstated.

---

7. Even if we agreed with Catanzarite that a specific citation in the report to the Ohio statute was required, DOT asked the Common Pleas Court to take judicial notice of the particular Ohio statute at issue, Section 4511.19(A) of the Ohio Revised Code, and a copy of that statute is contained in the certified record. By asking the court to take judicial notice of the Ohio statute, the deficiency in the Ohio report was overcome.