IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| The Sheri-Den, Inc., d/b/a Edder's Den, | : |
| | : No. 568 C.D. 2015 |
| | : Submitted: November 16, 2015 |
| Appellant | : |
| | : |
| v. | : |
| | : |
| Commonwealth of Pennsylvania, | : |
| Liquor Control Board | : |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  December 21, 2015


        The Sheri-Den, Inc., d/b/a Edder's Den (Sheri-Den), appeals from the March 6, 2015, order of the Court of Common Pleas of Cambria County (trial court) affirming the decision of the Pennsylvania Liquor Control Board (PLCB) to deny Sheri-Den's liquor license renewal application (Application).  We affirm.


        On December 3, 2012, Sheri-Den filed the Application for Sheri-Den's establishment at 534 Sheridan Street in Johnstown.  By letter dated January 16, 2013, the PLCB notified Sheri-Den that, pursuant to section 470 of the Liquor Code

(Code),[1] it objected to the Application based on Sheri-Den's violations of the Code and several disturbances requiring a police response since February 1, 2011.

On March 15, 2013, the Cambria County District Attorney's Office (District Attorney) filed a complaint in the trial court seeking to enjoin Sheri-Den's operation pursuant to section 611 of the Code, 47 P.S. §6-611,[2] because Sheri-Den had become a "nuisance bar." On March 28, 2013, the trial court entered a consent order requiring Sheri-Den to undertake a number of corrective measures in order to continue operating the establishment.

On May 1 and June 14, 2013, a PLCB hearing examiner conducted hearings on Sheri-Den's Application. In his proposed opinion, the hearing examiner recommended granting Sheri-Den's Application subject to Sheri-Den's continued compliance with the consent order. On October 2, 2013, however, the PLCB denied Sheri-Den's Application. Sheri-Den appealed to the trial court, which took no additional testimony. On March 6, 2015, the trial court entered an order affirming the PLCB. On April 1, 2015, Sheri-Den filed an application for stay or supersedeas

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-470.

[2] Section 611 of the Code states in relevant part:

> (b) An action to enjoin any nuisance defined in this act may be brought in the name of the Commonwealth of Pennsylvania by . . . the district attorney of the proper county . . . .

> (c) Upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that the room, house, building, structure, boat, vehicle or place shall not be occupied or used for one year thereafter . . . .

47 P.S. §6-611(b) & (c).

2

pending appeal, which the trial court granted on April 6, 2015. On April 1, 2015, Sheri-Den appealed to this court.[3] On May 14, 2015, Sheri-Den filed a Pa. R.A.P. 1925(b) statement. On May 27, 2015, the trial court filed a Pa. R.A.P. 1925(a) opinion in support of its March 6, 2015, order.

On appeal, Sheri-Den only argues that the trial court erred by failing to conclude that the March 28, 2013, consent order had a *res judicata* effect that precluded the subsequent denial of Sheri-Den's Application.[4] Although the trial court addressed the merits of this issue in its Pa. R.A.P. 1925(a) opinion, the issue is waived because Sheri-Den first raised it in its post-trial application for stay or supersedeas pending appeal and then in its Pa. R.A.P. 1925(b) statement.[5] *See* Pa. R.A.P. 302(a) (providing that issues are waived if they were not raised before the trial court); *Renna v. Department of Transportation, Bureau of Driver Licensing*, 762 A.2d 785, 788 n.11 (Pa. Cmwlth. 2000) ("[I]n order for an issue to be preserved for appeal, it must be raised below at the earliest opportunity.").

---

[3] "Our review in a liquor license renewal case is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence, whether it abused its discretion, or whether it committed an error of law." *St. Nicholas Greek Catholic Russian Aid Society v. Pennsylvania Liquor Control Board*, 41 A.3d 953, 954 n.1 (Pa. Cmwlth. 2012).

[4] In its statement of questions involved, Sheri-Den raises as a separate issue the question of whether the trial court failed to consider Sheri-Den's compliance with the consent order. However, Sheri-Den's brief only discusses this issue as part of its *res judicata* argument.

[5] Even if Sheri-Den had not waived this issue, it would not have prevailed. One of the requirements of *res judicata* is an identity of causes of action. *Pinero v. Pennsylvania State Horse Racing Commission*, 804 A.2d 131, 136 (Pa. Cmwlth. 2002). Here, the consent order was the result of the District Attorney's motion to enjoin Sheri-Den's operation under section 611 of the Code. That action is distinct from the license renewal proceeding, which only concerns the nonrenewal of Sheri-Den's *liquor license* pursuant to section 470 of the Code. Therefore, because there is no identity of causes of action, we need not consider *res judicata*'s other requirements.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Judge Cohn Jubelirer concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Sheri-Den, Inc., d/b/a      :
Edder's Den,      : No. 568 C.D. 2015
      :
          Appellant      :
      :
          v.      :
      :
Commonwealth of Pennsylvania,      :
Liquor Control Board      :

O R D E R

AND NOW, this 21st day of December, 2015, we hereby affirm the March 6, 2015, order of the Court of Common Pleas of Cambria County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge